Citation Nr: 1438743 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 11-00 505 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Providence, Rhode Island


THE ISSUES

1. Entitlement to service connection for diabetes mellitus, to include as secondary to herbicide exposure.

2. Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disability.


REPRESENTATION

Appellant represented by: Michael R. Viterna, Attorney


ATTORNEY FOR THE BOARD

Michael J. Skaltsounis, Senior Counsel



INTRODUCTION

The Veteran had active service from November 1968 to August 1971.

This case comes to the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Providence, Rhode Island.

The issue of entitlement to TDIU is REMANDED to the Agency of Original Jurisdiction.


FINDING OF FACT

Resolving reasonable doubt in favor of the Veteran, the Board finds that the Veteran set foot in Vietnam and diabetes mellitus, type II, is therefore presumed to have been incurred in active service. 


CONCLUSION OF LAW

Resolving reasonable doubt in favor of the Veteran, diabetes mellitus, type II, is presumed to have been incurred in active service. 38 U.S.C.A. § 1110, 1112, 1113, 1116, 5107(b) (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303 (2013). 

Service connection may also be granted for disability shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred in service. 38 C.F.R. § 3.303(d).

A Veteran who, during active naval service, served in the Republic of Vietnam during the Vietnam era, beginning in January 1962 and ending in May 1975, shall be presumed to have been exposed during that service to certain herbicide agents. 38 U.S.C.A. § 1116(f). If a Veteran was exposed to certain herbicides during active service, type II diabetes will be presumed to have been incurred in service if manifest to a compensable degree, even if there is no record of that disease during service. 38 U.S.C.A. § 1116(a)(1), (2) (West 2002); 38 C.F.R. § 3.307(a)(6), 3.309(e) (2013).

Service in the Republic of Vietnam includes service in the waters offshore and service in other locations if the conditions of service involved duty or visitation in the Republic of Vietnam, that is, within the land borders, including the inland waters, of Vietnam. A Veteran who never went ashore from a ship on which he served in Vietnamese coastal waters is not entitled to presumptive service connection due to alleged herbicide exposure. Mere service on a deep-water naval vessel in waters off shore of the Republic of Vietnam is not qualifying service in Vietnam. In addition, service in Vietnam will not be presumed based upon the Veteran's receipt of a Vietnam Service Medal (VSM). 38 C.F.R. § 307(a)(6)(iii) (2013); Haas v. Peake, 525 F.3d 1168 (Fed. Cir. 2008); VAOPGCPREC 27-97 (1997), 62 Fed. Reg. 63604 (1997).

Inland waterways are not defined in VA regulations. However, the Board may refer to the VA Adjudication Procedure Manual for interpretive guidance. Inland waterways include rivers, canals, estuaries, and delta areas, such as those on which the Vietnam "brown water" Navy operated. VA Adjudication Procedure Manual Service aboard a ship that anchored in an open deep-water harbor, such as Da Nang, Vung Tau, or Cam Ranh Bay, along the Vietnam coast, does not constitute inland waterway service or qualify as docking to the shore. M21-1MR, pt. IV, subpt. ii, ch. 2, § C.10.k. 

When VA's Secretary determines, on the basis of sound medical and scientific evidence, that a positive association exists between (A) the exposure of humans to an herbicide agent, and (B) the occurrence of a disease in humans, the Secretary shall prescribe regulations providing that a presumption of service connection is warranted for that disease. 38 U.S.C.A. § 1116(b)(1) (West 2002).

VA's Secretary has determined that a presumption of service connection based on exposure to certain herbicides used in the Republic of Vietnam during the Vietnam era is not warranted for any condition for which the Secretary has not specifically determined a presumption of service connection is warranted. Notice, 79 Fed. Reg. 20,308 (2014).

The Veteran claimed that his diabetes mellitus was due to his exposure to herbicides during active service. He stated that he served aboard the ship, USS Nicholas, which docked at Da Nang Harbor and Qui Nhon Harbor. He has further indicated that while on board that ship from February 1969 to January 1970, on several occasions, he went ashore for short periods in connection with his duties or for recreational purposes. The claims file includes pictures of a small boat from the ship with unidentified personnel on board. The record also includes a statement from a fellow service member of the Veteran who served on board the USS Nicholas with the Veteran during the relevant time frame. Significantly, the fellow service member stated that he served on board the ship between March 1968 and January 1970, that the Veteran worked under his supervision in the engine room of the ship during his tour of duty, that during this time period, the ship anchored in Da Nang Harbor to provide gun support for troops operating in the area, and that during that time period, the Veteran worked on boats that were responsible for transferring men and material to and from the ship to harbor facilities, and that his responsibilities took "him into Da Nang and other locals." Finally, the Veteran's attorney submitted entries from the ship's log, which included an entry from October 1969 that documented the use of a small boat by crew members to transfer personnel off the mouth of Qui Nhon Harbor. 

The medical evidence of record shows that the Veteran has been diagnosed with diabetes mellitus, type II. Therefore, a current disability is shown.

The Veteran's service separation form shows that the Veteran served in the United States Navy from November 1968 to August 1971 during the Vietnam era and received the Vietnam Service Medal. The Vietnam Service Medal was awarded to veterans who served between July 1965 and March 1973 in Vietnam, Thailand, Laos, or Cambodia in direct support of operations in Vietnam. Based on the above definition, the Veteran's receipt of the Vietnam Service Medal does not provide proof of active service inside the Republic of Vietnam. 

However, as corroborated by the Veteran's personnel records, the Veteran served on board the USS Nicholas from February 1969 to January 1970. Moreover, the Veteran's assertion that on occasion he went ashore either in connection with his duties or for recreational purposes is corroborated by the statement of a fellow service member and consistent with an entry from the USS Nicholas ship log from October 1969. The service department was unable to otherwise determine the identities of any passengers and crew of the boat that went ashore while the Veteran was stationed on the USS Nicholas.

Consequently, given the evidence that the USS Nicholas operated on the coastal waters of Vietnam with evidence of crew members going ashore and the Veteran's statements that he went ashore at Da Nang Harbor and Qui Nhon Harbor, with the corroborating statement from a fellow former sailor, the Board finds it is at least as likely as not that the Veteran set foot in Vietnam during service. There is nothing to refute the Veteran's statements of going ashore at those locations and the Veteran's statements are considered more believable due to the information supplied by a fellow service member who was also the Veteran's supervisor on board the USS Nicholas during the time in question. The Board finds that contention of the Veteran and fellow former sailor to be credible and to be supported by the ship's logs showing a boat went ashore during the time the Veteran has alleged.

Therefore, resolving all reasonable doubt in favor of the Veteran, the Board concludes that the Veteran set foot on the land mass of Vietnam during the Vietnam era. 38 U.S.C.A. § 5107(b) (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Because the Veteran has been diagnosed with diabetes mellitus type II, service connection for diabetes mellitus, type II, is granted on a presumptive basis due to presumed exposure to herbicides. 38 C.F.R. § 3.307, 3.309.


ORDER

Service connection for diabetes mellitus, type II, is granted.


REMAND

As the preceding decision has granted service connection for diabetes mellitus, type II, the RO must implement the Board's favorable action, and that will impact the Veteran's claim for TDIU. Therefore, the issue of the rating and effective date to be assigned for service connection for diabetes mellitus is inextricably intertwined with the TDIU claim currently on appeal. For that reason, the Board finds that the implementation of the newly granted disability must be resolved prior to resolution of the TDIU issue. Harris v. Derwinski, 1 Vet. App. 180 (1991). Accordingly, a remand is required for the RO to adjudicate the inextricably intertwined issue.

Accordingly, the case is REMANDED for the following action:

1. Issue a rating decision that effectuates the Board's grant of service connection for diabetes mellitus, type II, including the assignment of an initial rating and effective date for service connection for diabetes mellitus.

2. Then, readjudicate the claim for TDIU. If any decision is adverse to the Veteran, issue a supplemental statement of the case and allow the applicable time for response. Then, return the case to the Board. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



______________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs