Citation Nr: 1542411 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 14-16 691 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Whether the severance of special monthly compensation (SMC) for aid and attendance was proper.
 
2. Whether the severance of a total disability rating based on individual unemployability (TDIU) was proper.
 
3. Whether the severance of eligibility to Dependents' Educational Assistance (DEA) under 38 U.S.C. Chapter 35 was proper.


ATTORNEY FOR THE BOARD

Bonnie Yoon, Associate Counsel





INTRODUCTION

The Veteran served on active duty with the United States Army from July 1978 to July 1998. 

This matter originally came before the Board of Veterans' Appeals (Board) on appeal from a March 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

This matter was previously before the Board in March 2015, when it was remanded for further development. It has now been returned to the Board for further appellate review.

The Board has reviewed the Veteran's paper claims file as well as the electronic records in the Veterans Benefits Management System (VBMS) and the Virtual VA system to ensure consideration of the totality of the evidence.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board sincerely regrets the additional delay, remand is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that she is afforded every possible consideration.

The Veteran challenges the propriety of the severance of her SMC, TDIU and DEA benefits. By way of history, a November 2003 rating decision granted entitlement to TDIU and DEA effective May 19, 2003. A March 2009 Board decision granted SMC for aid and attendance. An April 2009 rating decision effectuated this grant and assigned an effective date of March 25, 2004. In a September 2011 rating decision, the RO proposed to discontinue entitlement to SMC, TDIU and DEA based on a finding of fraud. In a March 2012 rating decision, the RO severed entitlement to SMC, TDIU and DEA based on fraud effective May 19, 2003, because they found that the award had been established based on fraudulent activity by the Veteran. The RO found that the Veteran willfully misrepresented her level of disability to VA, resulting in a grant of benefits for which she was clearly not entitled.

As requested in the March 2015 remand, the Veteran's Social Security Administration (SSA) records were obtained along with the August 2011 report and accompanying attachments from the VA Officer of Inspector General (OIG). The Veteran contends that she had been unable to work since May 2003. A September 2003 VA examination report indicated that the Veteran said that she had been on a leave of absence from her position at the Postal Service since May 2003, due to her back problems. While evidence currently of record includes the Veteran's 2004 disability retirement application, on remand, the Veteran's employment and medical records from the United States Postal Service should be obtained. 

Also, regarding the SMC issue, the October 2004 rating decision that originally denied SMC based on aid and attendance/housebound indicated that this decision was based on a claim for an increased evaluation that was received on March 17, 2004. However, the record does not appear to contain a copy of this claim. In order to ensure a record which is as complete as possible, on remand, the RO all attempts to locate the original claim received on March 17, 2004 should be made. 

The issue of whether the severance of eligibility to DEA under 38 U.S.C. Chapter 35 was proper is inextricably intertwined with the issue of whether the severance of TDIU was proper. Harris v. Derwinski, 1 Vet. App. 180 (1991). Therefore, adjudication of that issue must be deferred pending adjudication of the TDIU issue.




Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. After obtaining authorization from the Veteran (if necessary), the AOJ should request medical and personnel records from the USPS, the Veteran's former employer. All requests and responses should be fully documented in the claims file.

2. The AOJ should make all attempts to locate the Veteran's claim for an increased evaluation that was received on March 17, 2004. If the efforts undertaken to locate these records are unsuccessful, the AOJ should document the attempts that were made to locate it and explain why further attempts to locate or obtain this record would be futile.

3. After completing the requested action, and any additional notification and/or development deemed warranted, readjudicate the claims on appeal. If the benefits sought on appeal remains denied, furnish the Veteran an appropriate supplemental statement of the case and give her an appropriate time period in which to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).