Citation Nr: 1829608 
Decision Date: 06/26/18 Archive Date: 07/02/18

DOCKET NO. 15-22 995 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for carpal tunnel syndrome, to include secondary service connection from benign paroxysmal positional vertigo, also claimed as dizziness.

(The issues of entitlement to service connection for benign paroxysmal positional vertigo, also claimed as dizziness, to include as due to herbicide exposure and whether the notice of disagreement received January 13, 2015 was timely regarding the noncompensable evaluation for right thumb fracture with postoperative excision of exostosis are the subject of a separate, concurrent Board decision.)


ATTORNEY FOR THE BOARD

J. E. Griffith, Associate Counsel



INTRODUCTION

The Veteran served on active duty from June 1949 to May 1952 and from March 1958 to March 1964. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a May 2013 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO). 

This claim was split from the Veteran's claim for benign paroxysmal positional vertigo because the Veteran's representative limited his representation to benign paroxysmal positional vertigo. The Veteran filed a July 2014 VA Form 21-22a in favor of D.G.K., an attorney, but only as to the issues of service connection for benign paroxysmal positional vertigo and an increased rating for right thumb fracture, the latter of which is not on appeal here. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran seeks service connection for right carpal tunnel syndrome, to include as secondary to benign paroxysmal positional vertigo, also claimed as dizziness, and right index trigger finger. The Veteran writes that his benign paroxysmal positional vertigo, claimed as dizziness, causes him to fall and he catches himself with his hand, causing right carpal tunnel syndrome.

As noted above, the Veteran's claim for benign paroxysmal positional vertigo that was split from this claim is inextricably linked with this claim for service connection for right carpal tunnel syndrome because the Veteran claims his right carpal tunnel syndrome is secondary to benign paroxysmal positional vertigo, also claimed as dizziness. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (claims "are inextricably linked together" where a favorable decision on one "could have a significant impact" the other).

Accordingly, the case is REMANDED for the following actions:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Conduct the VA examination for benign paroxysmal positional vertigo. Afterwards, consider all relevant evidence and determine if service connection is warranted.

2. After completing #1, schedule the Veteran for a VA examination in connection with his right carpal tunnel syndrome claim and forward the claims file to an appropriate examiner to address the following:

a. Does the Veteran have a diagnosis of right carpal tunnel syndrome at any time during the pendency of the appeal (filed in November 2011)?

b. If the Veteran has right carpal tunnel syndrome, is it at least as likely as not incurred in, caused by or aggravated by his active service?

c. If the Veteran has a current right carpal tunnel syndrome, is it at least as likely as not (1) caused by or 
(2) aggravated by any of his service-connected disabilities, to include benign paroxysmal positional vertigo if determined to be service-connected?

d. A comprehensive rationale is to be provided for the opinion. All pertinent evidence, including both lay and medical, should be considered. If you cannot offer an opinion without resorting to speculation, please explain why the necessary opinion cannot be offered and state whether the inability is due to the absence of any evidence or to the limits of scientific or medical knowledge.

2. Thereafter, readjudicate the issue on appeal. If the benefit sought on appeal remain denied, provide the Veteran (and his representative, if he obtains one) with a supplemental statement of the case and allow an appropriate period of time for response. The case should then be returned to the Board for further consideration, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




_________________________________________________
Paul Sorisio
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2017).