﻿Citation Nr: 18124198
Decision Date: 08/06/18 Archive Date: 08/06/18

DOCKET NO. 15-33 110
DATE: August 6, 2018
REMANDED
Service connection for Hepatitis C is remanded.
Service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), is remanded.
Entitlement to a total disability rating based on individual unemployability (TDIU) is remanded.
REASONS FOR REMAND
The Veteran served on active duty in the United States Navy from November 1985 to December 1988, and from August 1989 to August 1993.
As an initial matter, the Board notes that the Veteran’s file contains no documentation whatsoever (no DD-214, no service treatment records, and no military personnel records) from his first period of enlistment. These records must be obtained and associated with the file.
1. Service connection for Hepatitis C is remanded.
The Veteran asserts that he has Hepatitis C is a result of his military service. The Veteran visited the Albuquerque Regional Office to discuss his claim and stated that, “he went to donate blood after leaving the service and was told he had Hep C.” The contact note continued, “Because of his military service in the Gulf War it’s as likely as not that his Hep C is a result of his military service.” It is unclear to the Board if that opinion was the intake person’s opinion or the opinion of the Veteran. Either way, there has been no development for this claim.
Additionally, in his Substantive Appeal, the Veteran’s agent stated that the Veteran worked with raw sewage aboard the USS Mount Vernon and obtained one tattoo while in service, which he described as risk factors for Hepatitis C.
When the record indicates that a disability or signs and symptoms of a disability may be associated with active service, yet does not contain sufficient information to make a decision on the claim, VA is obliged to provide the Veteran with an examination. 38 U.S.C. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79 (2006).
2. Service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), is remanded.
The Veteran’s agent submitted additional evidence with the Substantive Appeal (September 2015). The submission included an article regarding the USS Mount Vernon’s participation in Operation Sea Angel, due to a typhoon (Cyclone Marian), which included recovering bodies. The Veteran’s agent argues that the Veteran was aboard the USS Mount Vernon at that time, and therefore this stressor can be verified and should be conceded, in support of the Veteran’s claim for PTSD. The agent also asserts that the Veteran should be afforded a VA examination for PTSD once the stressor development has been completed.
The Board recognizes that the Veteran’s substantive appeal was received after February 2, 2013, and as such, the new evidence submitted with the appeal may be considered by the Board. See Honoring America’s Veterans and Caring for Camp Lejeune Families Act of 2012. In this case, the Board determines that additional development is necessary regarding the Veteran’s claimed stressor and PTSD diagnosis.

3. Entitlement to a total disability rating based on individual unemployability (TDIU) is remanded.
The Board notes that the Veteran’s claim for entitlement to TDIU benefits is dependent upon the outcome of his remanded service connection claims, and their potential impact on the Veteran’s ability to obtain or maintain substantially gainful employment. The matter of a TDIU is therefore inextricably intertwined with the Veteran’s claims for service connection for Hepatitis C and PTSD. Harris v. Derwinski, 1 Vet. App. 180 (1991). Remand of the TDIU claim is therefore required as well. 
The matters are REMANDED for the following action:
1. Obtain the Veteran’s complete service personnel records and service treatment records from his first period of enlistment in the United States Navy from November 1985 to December 1988.
2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of his Hepatitis C. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including the Veteran’s service during the Gulf War in the United States Navy. 
3. Attempt to corroborate the Veteran’s in-service stressor, including his participation in Operation Sea Angel and the recovery of dead bodies while aboard the USS Mount Vernon in May – June 1991. If more details are needed, contact the Veteran to request the information.
4. After the Veteran’s reported stressors have been developed, schedule the Veteran for a psychiatric examination to determine the nature and etiology of any posttraumatic stress disorder (PTSD). If the Veteran is diagnosed with PTSD, the examiner must explain how the diagnostic criteria are met and opine whether it is at least as likely as not related to a verified in-service stressor. 
5. If any other acquired psychiatric disorders are diagnosed, the examiner must opine whether each diagnosed disorder is at least as likely as not related to an in-service injury, event, or disease. 
6. Then, the record should again be reviewed. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished with a supplemental statement of the case and be given the opportunity to respond.
 
T. REYNOLDS
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD L. Nelson, Associate Counsel