﻿Citation Nr: AXXXXXXXX
Decision Date: 01/17/19 Archive Date: 01/16/19

DOCKET NO. 181024-681
DATE: January 17, 2019

ORDER

An increased rating for posttraumatic stress disorder (PTSD) with depression is denied from January 23, 2015, to April 13, 2018.

REMANDED

The issues of entitlement to an increased initial rating for coronary artery disease from January 14, 2016, to April 13, 2018, and entitlement to a total disability evaluation based on individual unemployability (TDIU) due to PTSD, coronary artery disease, and diabetes mellitus from January 23, 2015, to April 13, 2018, are remanded. 

FINDING OF FACT

The Veteran’s PTSD with depression has not resulted in total occupational and social impairment at any point from January 23, 2015, to April 13, 2018.

CONCLUSION OF LAW

The criteria for a rating in excess of 70 percent for PTSD with depression have not been met from January 23, 2015, to April 13, 2018. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.7, 4.126, 4.130, Diagnostic Code 9411.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affair’s (VA’s) decision on their claim to seek review. The Board of Veterans’ Appeals (Board) is honoring the Veteran’s choice to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP). 

The Veteran served on active duty from March 1969 to September 1970, with service in the Republic of Vietnam. The Veteran was awarded the Navy Achievement Medal with Combat Distinguishing Device, among other decorations. 

The Veteran selected the Higher-Level Review lane when he submitted a RAMP election form on April 13, 2018. Accordingly, a September 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. 

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. See Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, § 2(w)(1), 131 Stat. 1105, 1114 (2017). The Veteran may file a Supplemental Claim and submit or identify this evidence. See § 2(i)(1), 131 Stat. at 1109. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

The Veteran timely appealed the RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). The Board notes that the Veteran submitted a March 2016 VA Form 21-8940 for a total disability rating due to his PTSD and his attorney submitted a March 2018 vocational assessment on the impact of all service-connected disabilities on his employability. As such, a claim of entitlement to a TDIU has been raised and the Board has jurisdiction over the Veteran’s TDIU claim. See Rice v. Shinseki, 22 Vet. App. 447 (2009).

Neither the Veteran nor his attorney has raised any issues with the duty to notify or duty to assist. 

PTSD with depression rating from January 23, 2015, to April 13, 2018

The Veteran contends that his acquired psychiatric disability results in total occupational and social impairment. The Board notes that his claim for a TDIU is addressed in the remand section below. Additionally, the Board notes that the AOJ did not make any favorable findings in the September 2018 RAMP decision.

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule) and are intended to represent the average impairment of earning capacity resulting from disability. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The Veteran’s PTSD with depression is rated under Diagnostic Code 9411 under the General Rating Formula for Mental Disorders (General Rating Formula) found in 38 C.F.R. § 4.130. 

Under that General Rating Formula, a 70 percent rating is assigned with occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships. 38 C.F.R. § 4.130.

A 100 percent rating is assigned with total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id. 

The Veteran was initially granted service connection for PTSD and assigned a 10 percent rating effective December 1993. An April 2008 rating decision increased the rating to 30 percent, effective January 2008. For the pertinent appeal period, VA received a notice that the Veteran intended to submit a claim for an increased rating on January 23, 2015, and he subsequently returned a VA 21-526EZ, application for disability compensation in April 2015, requesting an increased rating for PTSD with depression. A June 2015 rating decision granted a 70 percent rating, effective January 23, 2015. As noted above, the Veteran elected the Higher-Level Review lane on April 13, 2018 and the AOJ continued the 70 percent rating in the September 2018 rating decision on appeal. The Veteran was notified of the decision and elected a direct review by the Board. As such, the Veteran’s claim will be reviewed based on evidence received as of the date he opted into the RAMP program, April 13, 2018, that relates to the period on appeal from January 23, 2015, (the date of claim) to April 13, 2018 (the date he elected into the RAMP program). 

The Board finds the preponderance of the evidence is against a finding that the Veteran’s acquired psychiatric disorder warrants an evaluation in excess of 70 percent during the entire appeal period. At most, PTSD has been manifested by occupational and social impairment with deficiencies in most areas, such as work, family relations, thinking, and mood and has not more nearly approximated total occupational and social impairment from January 23, 2015, to April 13, 2018. See 38 C.F.R. § 4.7. 

Throughout the appeal period, the evidence of record does not demonstrate that the Veteran’s acquired psychiatric disorder has been manifested by symptoms such as gross impairment in thought processes or communication, persistent delusions or hallucinations, grossly inappropriate behavior, persistent danger of hurting self or others, disorientation to time or place, or memory loss for names of close relatives, own occupation, or own name to warrant a 100 percent disability evaluation. See 38 C.F.R. § 4.130. Rather, a May 2015 examiner noted the Veteran’s reports of increased anger and that he wanted to stop working and live in the mountains away from other people and found his psychiatric disorder was manifested by symptoms of depressed mood, anxiety, suspiciousness, panic attacks more than once a week, chronic sleep impairment, mild memory loss, flattened affect, suicidal ideation without current imminent risk, difficulty adapting to stressful circumstances, and intermittent inability to perform activities of daily living. The examiner observed the Veteran during examination as appropriately dressed with pleasant demeanor and little anger. Although the Veteran reported social isolation – that he lived alone and was divorced - the examiner noted the Veteran was a half owner of a barber shop but sometimes went home during work hours. The examiner concluded that the Veteran’s symptomatology was productive of occupational and social impairment with deficiencies in most areas. 

There is no evidence in significant conflict with the examiners’ findings. Notably, the May 2015 examiner acknowledged in a March 2016 addendum opinion that PTSD impacted the Veteran’s ability to work, but noted that the Veteran continued to function in an occupational environment that required frequent contact with others for many years despite his anger, depression, suspiciousness, and feelings that he had not been treated well. Further, an April 2018 private vocational assessment noted the Veteran spent most days in isolation but also reported that the Veteran maintained contact with his brother and had a friend that assisted with his grocery shopping. VA treatment records indicated the Veteran was fully oriented during the appeal period and a March 2016 VA physical therapy note indicated he lived with his sister and had good family support.

To the extent the May 2015 examiner noted an intermittent inability to perform activities of daily living, to include maintenance of minimal personal hygiene, the Board finds this alone or in concert with other symptomatology does not indicate a higher disability rating is warranted. Rather, the May 2015 examiner also observed that the Veteran was appropriately dressed. Further, an April 2016 VA treatment record for follow-up from a heart procedure indicated the Veteran lived with his brother and had independence with activity and activities of daily living; the Veteran reported he managed his medications and felt he did so safely. Overall, the Board finds the evidence does not indicate that the Veteran has an intermittent inability to perform activities of daily living during the appeal period. In addition, the Board notes that the May 2015 examiner reported the Veteran endorsed symptoms of passive suicidal ideation but stated that he was not going to do anything and determined that he was not a current imminent or increased risk. Moreover, the May 2015 examiner considered the Veteran’s symptoms, to include limitations on activities of daily living, isolating behavior, and passive suicidal ideation and still concluded that the Veteran’s overall disability picture most nearly approximated deficiencies in most areas. The Board finds the overall disability picture does not support a higher rating as it does not reflect total social and occupational impairment at any point from January 23, 2015, to April 13, 2018. 

As the preponderance of the evidence is against a finding that the acquired psychiatric disorder more nearly approximates the criteria for a 100 percent evaluation, a rating in excess of 70 percent is not warranted for the period on appeal. 38 C.F.R. §§ 4.3, 4.7. 

As noted above, TDIU is addressed below. Neither the Veteran nor his attorney has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record). 

REASONS FOR REMAND

1. Rating for coronary artery disease from January 14, 2016, to April 13, 2018

The Board finds a duty to assist error occurred prior to the April 13, 2018 opt-in to the RAMP program such that remand is warranted to correct the deficiencies. Specifically, the Board finds evidence that the Veteran’s heart disability may have worsened since the March 10, 2016, VA examination that was the basis for his continued 30 percent rating. In addition, the record indicates there are outstanding, pertinent VA treatment records prior to April 13, 2018. 

The record indicates the Veteran was hospitalized on March 28, 2016, for two days at a VA Medical Center for an admitting diagnosis of chest pain. Related VA treatment records note the Veteran experienced right chest discomfort with exertion that was similar to the pain he experienced with his prior February 2015 myocardial infarction. A coronary angiography revealed two-thirds stent thrombosis and the Veteran was admitted in April 2016 for a percutaneous coronary intervention (PCI) to alleviate 90 percent stenosis of the left circumflex artery. An additional report of hospitalization indicates the Veteran was admitted in June 2016 for surgical observation with a diagnosis of coronary artery disease. 

As VA treatment records were last associated with the record in April 2016, and there is evidence since the March 2016 VA examination that the Veteran’s heart disability may have worsened, corrective action to obtain relevant VA treatment records and a VA examination to assess the current severity of the Veteran’s heart disability is in order.

2. TDIU from January 23, 2015, to April 13, 2018

The Veteran’s claim for a TDIU is based, in part, on his service-connected coronary artery disease. As this issue may be impacted by the above development, the issues are inextricably intertwined and any decision on the claim would be premature. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991). The claim of entitlement to a TDIU is therefore also remanded pending resolution of the intertwined claim for an increased rating for coronary artery disease.

The matters are REMANDED for the following actions:

1. Obtain the Veteran’s VA treatment records since April 2016.

2. Schedule the Veteran for an examination by an appropriate clinician to determine the current severity of his service-connected coronary artery disease. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria.

 

Nathan Kroes

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Odya-Weis, Counsel