﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/26/19

DOCKET NO. 190417-9286
DATE: August 27, 2019

REMANDED

Entitlement to a rating in excess of 30 percent for coronary artery disease (CAD) is remanded.

Entitlement to a rating in excess of 10 percent for atrial fibrillation associated with CAD is remanded. 

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities prior to January 8, 2018, is remanded.

REASONS FOR REMAND

The appellant is a Veteran who served on active duty from October 1958 to June 1987. 

The rating decisions on appeal were issued in September 2016 and March 2018. In May 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). A January 2019 Appeals Modernization Act (AMA) rating decision considered the evidence of record as of the date VA received the election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

The Board notes that the Veteran also identified a number of disabilities in a statement received by VA in January 2018. Effective March 24, 2015, when a claimant submits a communication indicating a desire to apply for VA benefits but the communication does not meet the standards of a complete claim for benefits, the communication will be considered a request for an application form for benefits under 38 C.F.R. § 3.150(a). See 38 C.F.R. § 3.155(a). When such a communication is received, VA shall notify the claimant and the claimant’s representative of the information necessary to complete the application form. Id. The January 2018 statement indicates a desire to apply for service connection for certain disabilities but does not meet the standards of a complete claim for benefits. Because the Board does not have jurisdiction over the matter, it is referred to the Agency of Original Jurisdiction (AOJ) for any appropriate action. 38 C.F.R. § 19.9(b).

Although the Veteran has been granted a TDIU rating as of January 8, 2018, the grant of a TDIU rating does not encompass the entire period on appeal. Therefore, it serves instead as a partial grant and the immediately preceding period is still at issue. See Harper v. Wilkie, 30 Vet. App. 356 (2018); see also Rice v. Shinseki, 22 Vet. App. 447 (2009).

1. Entitlement to a rating in excess of 30 percent for CAD is remanded.

A March 2018 VA treatment record includes a diagnosis of NYHA Class III congestive heart failure with acute and chronic diastolic congestive heart failure. Previous treatment records indicate that the Veteran did not have congestive heart failure. Because this record essentially shows worsening symptoms, a new examination is needed to properly evaluate the severity of his heart disability. Following the examination, the AOJ should determine whether increased ratings (to include potential staged ratings) are proper.

2. Entitlement to a rating in excess of 10 percent for atrial fibrillation associated with CAD is remanded.

3. Entitlement to a TDIU prior to January 8, 2018, is remanded.

Because adjudication of the Veteran’s increased rating claim for his CAD may impact adjudication of his increased rating claim for atrial fibrillation and his TDIU claim, these claims are inextricably intertwined. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (holding that two issues are inextricably intertwined when they are so closely tied together that a final Board decision on one issue cannot be rendered until the other issue has been considered).

The matters are REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the current severity of his service-connected cardiac disabilities. (NOTE TO THE EXAMINER: the relevant appeal period is from August 31, 2014, to January 2, 2019, ONLY.) The electronic claims file must be made available to the examiner for review. The examination report should show consideration of the Veteran’s documented medical history and assertions. All indicated tests, studies, and clinical findings must be reported in detail. Based on interview and examination of the Veteran, and review of the record, the Veteran should:

Identify, and comment on the nature, frequency, and/or severity (as appropriate) of all current cardiac symptoms. The examiner should discuss those findings in relation to the pertinent evidence of record, and any lay and/or clinical evidence suggesting that the Veteran’s CAD and/or atrial fibrillation symptoms have worsened.

Comment on the Veteran’s ability to function in an occupational environment, document any education and work experience reported by the Veteran during the examination, and describe any functional effects of the Veteran’s service-connected disabilities FROM AUGUST 31, 2014 TO JANUARY 7, 2018.

A detailed explanation (rationale) is requested for all opinions provided. By law, the Board is not permitted to rely on any conclusion that is not supported by a thorough explanation. Providing an opinion or conclusion without a thorough explanation will delay processing of the claim and may also result in a clarification being requested.] 

 

VICTORIA MOSHIASHWILI

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Matta, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § § 20.1303.