﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 191104-41998
DATE: April 30, 2020

ORDER

Entitlement to compensation under 38 U.S.C. § 1151 for diabetes mellitus, type II (DM II) is remanded.

Entitlement to compensation under 38 U.S.C. § 1151 for kidney cancer is remanded.

Entitlement to aid and attendance allowance for Rosemary Ward is remanded. 

REASONS FOR REMAND

The Veteran served on active duty in the United States Air Force from August 1968 to August 1972.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from an October 2019 Statement of the Case (SOC), which under the Appeals Modernization Act (AMA) is construed as an AMA rating decision that considered the evidence of record on that date. See 38 C.F.R. § 2.2400 (a)(2). The Veteran timely appealed this decision to the Board by requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the Agency of Original Jurisdiction (AOJ). See November 2019, Notice of Disagreement.

1. Entitlement to compensation under 38 U.S.C. § 1151 DM II.

2. Entitlement to compensation under 38 U.S.C. § 1151 for kidney cancer.

The Veteran has claimed entitlement to compensation under the provisions of 38 U.S.C. § 1151 for DM II and kidney cancer. He believes both are due to the use of Rosuvastatin which he was prescribed for high cholesterol by a VA facility. 

As will be explained below, there has been a pre-decisional error in VA’s duty to assist and a remand is warranted to cure this defect.

A VA opinion was obtained in August 2016. The examiner determined that the record did not support a finding that the Veteran has any qualifying additional disability caused by or made worse by the prescription of Rosuvastatin. Specifically, the examiner observed that the Veteran’s DM II preexisted his use of Rosuvastatin and therefore could not have been caused by the medication. Per the examiner, this determination was predicated on the Veteran reporting a history of DM II on his initial VA treatment visit in May 23, 2008 and Rosuvastatin not being prescribed until November 13, 2009. Such appears to be a flawed premise, which reduces the overall probative value of the opinion. 

The May 23, 2008 VA treatment records document a history of DM II but also on-going use of Crestor, which is the brand name for Rosuvastatin. In other words, the VA examiner’s reliance on the May 2008 record cannot serve as the basis for a determination that the Veteran’s DM II preexisted his use of Rosuvastatin/Crestor. The May 2008 treatment records also suggest that the Veteran was not beginning VA care but instead had transferred from another VA facility. That physician notes reviewing and continuing the Veteran’s VA and private prescriptions. 

The August 2016 VA opinion also included no discussion with regard to the internet treatise articles submitted by the Veteran. Significantly, the articles suggested that Crestor/statin use is related to DM II and kidney damage. The examiner needed to address these articles. 

The record is also currently negative for VA or private treatment medical records dated between the 1980s and May 2008. VA records reflect on-going treatment for disabilities during this period. They must be obtained. Reviewing such outstanding records is critical as the examiner also found against the Veteran’s claims because of repeated noncompliance with his medication. The earlier records could contradict that finding. Of note, VA treatment records document the Veteran’s reports of becoming noncompliant as he was afraid of “ dangers ” posed by his medication. 

3. Entitlement to aid and attendance allowance for Rosemary Ward.

Per the RO, the Veteran’s claim for aid and attendance benefits was denied because he did not meet the statutory requirements of having at least a 30 percent disability rating necessary for entitlement. The potential grant of 1151 benefits would directly impact the Veteran’s aid and attendance claim. As a result, the claims are considered inextricably intertwined, therefore the Board must defer judgment on this issue. See Harris v. Derwinski, 1 Vet. App. 180, 183(1991).

The matters are REMANDED for the following action:

1. Obtain all outstanding VA and private treatment medical records dated prior to May 2008. (Note, VA treatment medical records document the Veteran received treatment in the 1990s and 2000s.) The Veteran and his representative must be informed of any records deemed unavailable.

2. Obtain an addendum opinion from the an appropriately qualified clinician/health care professional regarding the Veteran’s claims for compensation pursuant to 38 U.S.C. § 1151. After reviewing the claims file, the clinician should respond to the following:

(a.) With respect to the Veteran’s DM II and kidney cancer, is it at least as likely as not that the disorder was caused or aggravated by Rosuvastatin/Crestor or another drug prescribed to the Veteran by VA or otherwise by VA care or treatment of the Veteran?

(b.) If a relationship at least as likely as not exists between any currently diagnosed disorder and VA care or treatment, including prescribed medication, is it also at least as likely as not that any such disorder was the result of carelessness, negligence, lack of proper skill, error in judgment or similar instance of fault on the part of VA? The opinion should include consideration of whether VA failed to exercise the degree of care that would be expected of a reasonable health care provider.

(c.) If VA care or treatment at least as likely as not caused or contributed to a current disorder, was the proximate cause an event not reasonably foreseeable? Consideration must be given to whether the risk of that disorder was the type of risk that a reasonable health care provider would have disclosed in connection with informed consent procedures.

(d.) The clinician's report must reflect consideration of the Veteran’s documented medical history and his principal assertions as to allegedly negligent care or treatment by VA.

(e.) The examiner must address treatment medical records which note diagnosis of DM II prior to May 2008 and prescribed Crestor prior to May 2008. 

(f.) The examiner must also address the internet articles submitted by the Veteran in October 2015 Crestor (Rosuvastatin) Side Effects: Real Life Stories and FDA Expands Advice on Statin Risks. These articles indicate that Crestor/Rosuvastatin cause kidney damage and DM II and raised blood sugar levels. The relevance of these articles must be discussed by the examiner.

(g.) The Veteran’s repeatedly reported concerns to physician’s about the dangers of taking statins and a desire not to take Crestor/Rosuvastatin.

(h.) The clinician must provide a rationale for each opinion in the report.

 

 

MICHAEL A. HERMAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. L. Burroughs, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.