**Robert L. HARRIS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–240.**

United States Court of Veterans Appeals.

Submitted June 4, 1990.

Decided March 20, 1991.

Robert L. Harris, pro se.

Raoul L. Carroll, Gen. Counsel, Andrew J. Mullen, then Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Stephen A. Bergquist were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

FARLEY, Associate Judge:

The March 6, 1991, opinion in this case was vacated on March 20, 1991. This opinion is issued in its stead. Appellant, Robert L. Harris, seeks to appeal the denial of an increased rating for anxiety neurosis with depressive features and the alleged denial of a claim for compensation for a service-connected heart disorder. However, the Board of Veterans' Appeals (BVA) in its December 6, 1989, decision discussed only the former claim; the heart disorder claim was referred back to the agency of original jurisdiction (Regional Office or RO). Appellant's anxiety neurosis claim is inextricably intertwined with the heart disorder claim and the finality doctrine precludes the Court from exercising jurisdiction. Accordingly, we dismiss appellant's appeal without prejudice for lack of jurisdiction due to the absence of a final BVA order.

## I.

Appellant seeks to appeal from a December 6, 1989, BVA decision upholding the denial of an increased rating for anxiety neurosis with depressive features, currently rated 30 percent. *Robert L. Harris*, loc. no. 933155 (BVA Dec. 6, 1989). In the same decision, the BVA refused to consider appellant's claim for compensation for a service-connected heart disorder. With respect to this claim, the BVA wrote

[i]t appears from a document received from the veteran in January 1989 that he is also seeking service connection for a heart disorder. That issue, however, was not developed or certified for appellate review, is not properly before the Board at this time, and is hereby referred to the agency of original jurisdiction [Regional Office] for appropriate action.

*Robert L. Harris*, loc. no. 933155, at 2 (BVA Dec. 6, 1989). In his Notice of Appeal filed with this Court on April 2, 1990, appellant emphasized that he was appealing the "ENTIRE" December 6, 1989, BVA decision.

On May 10, 1990, appellant filed an "Amendment To Motion Of Appeal" which served only to correct a typographical error in the original Notice of Appeal and to "find out if the Court ever received" the three copies of the appellant's statement of issues which were purportedly filed earlier. On May 15, 1990, the Court ordered the Secretary of Veterans Affairs (Secretary) to designate the record on appeal pursuant

to Interim General Rule 10. On June 4, 1990, the Secretary moved for an order to show cause why the appeal should not be dismissed because the BVA had yet to issue a final determination on one of the two issues raised by appellant. The Secretary argued that the BVA decision noted that the question of "service connection for a heart disorder" was "not properly before the Board" and was "referred to the agency of original jurisdiction for appropriate action." *Robert L. Harris*, loc. no. 933155, at 2 (BVA Dec. 6, 1989).

On July 3, 1990, this Court entered an order denying appellant's motion to amend the appeal and vacating the earlier order directing the Secretary to designate the record. No action was taken by the Court on the Secretary's Motion for an Order to Show Cause. On August 1, 1990, the Court received a request from appellant for an additional seven days to file a "Petition for Rehearing of the Court's Order." The basis for the request was "health problems." On August 10, 1990, the veteran filed a document entitled "Appeal" which stated that the "[v]eteran *appeals* the Court Order of July 3, 1990, of the Court of Veterans Appeals to the Federal Circuit Court of Appeals" because this Court "would not accept jurisdiction of this case." (Emphasis in original). As it was unclear whether appellant intended to seek review by a panel of this Court or the Federal Circuit, the August 10, 1990, submission was treated as a notice of appeal to the Federal Circuit.

Subsequently, appellant submitted a petition for mandamus and a notice of appeal with the Federal Circuit. On November 15, 1990, the Federal Circuit dismissed appellant's appeal and denied the petition for mandamus. *In Re Robert L. Harris*, 930 F.2d 37 (Fed.Cir.1990); *Harris v. Derwinski*, 930 F.2d 37 (Fed.Cir.1990). The case is now back before this Court.

## II.

Treating the Secretary's Motion for an Order to Show Cause as a motion to dismiss, we must first consider whether we have jurisdiction to hear this appeal. Giv-

en appellant's allegation that his two claims are linked and the BVA's discussion of that potential linkage, this case presents the Court with the first occasion to examine the finality doctrine.

## A.

■ The finality doctrine counsels against the exercise of jurisdiction by federal appellate courts over nonfinal judgments. The Supreme Court has held that " '[f]inality as a condition of review is an historic characteristic of federal appellate procedure.' " *Flanagan v. United States*, 465 U.S. 259, 263, 104 S.Ct. 1051, 1053–54, 79 L.Ed.2d 288 (1984) (quoting *Cobbledick v. United States*, 309 U.S. 323, 324, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940)). "This final judgement rule requires that 'a party must ordinarily raise all claims of error in a single appeal following final judgement on the merits.' " *Flanagan*, 465 U.S. at 263, 104 S.Ct. at 1054 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981)). The Supreme Court has observed that " '[t]he cases dealing with judicial review of administrative actions have interpreted the "finality" element in a pragmatic way.' " *FTC v. Standard Oil Co. of California ("SOCAL")*, 449 U.S. 232, 239, 101 S.Ct. 488, 493, 66 L.Ed.2d 416 (1980) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1516, 18 L.Ed.2d 681 (1967)).

■ Congress granted this Court "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. § 4052(a) (1988). "In order to obtain review by the Court ... of a *final decision* of the Board of Veterans' Appeals, a person adversely affected by that action must file a notice of appeal with the Court." 38 U.S.C. § 4066(a) (1988) (emphasis added). Read together, §§ 4052(a) and 4066(a) require that a claimant seeking to appeal to the Court must have a *final* BVA decision.

Even where a judicial review statute does not impose finality, it has been held that finality is still required. *Carter/Mondale Presidential Comm., Inc. v. FEC*, 711 F.2d 279, 284–85 n. 9 (D.C.Cir.1983). In

fact, the Supreme Court has held that there is a "strong presumption ... that judicial review will be available only when agency action becomes final...." *Bell v. New Jersey,* 461 U.S. 773, 778, 103 S.Ct. 2187, 2191, 76 L.Ed.2d 312 (1983) (citing *FPC v. Metropolitan Edison Co.,* 304 U.S. 375, 383–85, 58 S.Ct. 963, 966–67, 82 L.Ed. 1408 (1938)). Finality is required because "[j]udicial intervention into the agency process denies the agency an opportunity to correct its own mistakes and to apply its expertise." *SOCAL,* 449 U.S. at 242, 101 S.Ct. at 494 (citation omitted). Furthermore, "[i]ntervention also leads to piecemeal review which at the least is inefficient and upon completion of the agency process might prove to have been unnecessary." *Id.* (citations omitted). The D.C. Circuit has noted:

> The interest in postponing review is powerful when the agency position is tentative. Judicial review at that stage improperly intrudes into the agency's decisionmaking process. It also squanders judicial resources since the challenging party still enjoys an opportunity to convince the agency to change its mind.

*Ciba–Geigy Corp. v. EPA,* 801 F.2d 430, 436 (D.C.Cir.1986) (citations omitted).

### B.

When these principles are applied to the case at hand, it becomes readily apparent that this appeal must be dismissed. In his submissions to the Court, appellant is attempting to appeal both the denial of an increased rating for anxiety neurosis with depressive features and the denial to date of a claim for compensation for a service-connected heart disorder. The crux of the veteran's position is that the two conditions are inextricably linked together, *i.e.,* his heart disorder is the cause of his anxiety neurosis. The BVA in its December 6, 1989, decision appeared to acknowledge as much. The entire "Evidence" portion of the decision is replete with statements relating that the veteran's mental state was a result of his physical condition. The BVA stated that the veteran's "[p]oor physical health appeared to be the primary cause of his neurotic complaints of excessive worry-

ing, anxiety, and depression." *Robert L. Harris,* loc. no. 933155, at 3 (BVA Dec. 6, 1989).

This Court will neither review BVA decisions in a piecemeal fashion nor unnecessarily interfere with the Department of Veterans Affairs' (VA) deliberative process. A decision by the RO to grant appellant's referred heart disorder claim could have a significant impact upon appellant's claims for an increased rating for anxiety neurosis. This, in turn, could render any review by this Court of the decision on the anxiety neurosis claim meaningless and a waste of judicial resources. We hold, therefore, that the BVA's decision on appellant's claim for an increased rating for anxiety neurosis is not a final order subject to appeal because that claim is inextricably intertwined with the heart disorder claim which remains undecided and pending before the VA. In the absence of a final order, this appeal is premature and must be dismissed.

### III.

In conclusion, appellant's claim for service connection for a heart disorder appears so closely tied in with the anxiety neurosis claim that the BVA decision of December 6, 1989, does not constitute a final decision. Accordingly, this appeal is dismissed for lack of jurisdiction. *See* 38 U.S.C. §§ 4052(a), 4066(a). Under the circumstances, this dismissal necessarily is without prejudice because the appeal was premature; the BVA has yet to issue a final decision on the veteran's claims. Moreover, the 120–day time period within which an appeal of the December 6, 1989, decision must be filed cannot commence to run until the date of mailing of a "final decision" on the issues addressed in that decision. 38 U.S.C. § 4066(a). Therefore, appellant would be able to secure judicial review of any issues remaining from the December 6, 1989, BVA decision once that decision becomes final as a result of further action by the Secretary or the Board on the intertwined claims.

Given the potential for delay that this dismissal may have on appellant's op-

portunity to pursue his appeal in this Court, it is important to note the RO has had appellant's claim under consideration for well over a year. It is the Court's expectation that a decision is imminent. In any event, if the referral is not resolved in a timely fashion, appellant would be free to pursue an extraordinary writ in this Court. *See Erspamer v. Derwinski*, 1 Vet.App. 3 (1990), *appeal dismissed per agreement of the parties*, No. 90–7001 (Fed.Cir. June 28, 1990).

*It is so Ordered.*