Walter EVANS, Jr., Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–127.

United States Court of Veterans Appeals.

Submitted March 19, 1991.

Decided April 4, 1991.

Walter Evans, Jr., pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington were on the pleadings, for appellee.

Before FARLEY, Associate Judge.

## MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of January 26, 1990, the Board of Veterans' Appeals (Board or BVA) concluded that (1) service connection for hypertension; (2) an increased rating for post-traumatic stress disorder, currently evaluated as 10 percent disabling; and (3) a total rating for compensation purposes based on individual unemployability, were not demonstrated by the evidence presented. In addition, the Board concluded that an increased rating for bilateral pes planus, currently evaluated as 50 percent disabling, was not possible because the condition is currently assigned the maximum rating allowable under Department of Veterans Affairs diagnostic criteria. The Board upheld the denial of the veteran's claims and this appeal followed.

In *Harris v. Derwinski*, 1 Vet. App. 180 (1991), this Court held that a BVA decision was not a final appealable decision because a claim which the BVA had referred was "inextricably intertwined" with the claim which it had decided. Here, the Board also made a referral back to the agency of original jurisdiction: appellant's claim for "service connection for back and knee disorders secondary to his service-connected bilateral pes planus." *Walter Evans, Jr.*, loc. no. 003412, at 2 (BVA Jan. 26, 1990). However, the referred claims in this instance are not "inextricably intertwined" with the decided claim for a total rating for compensation purposes based on individual unemployability. In its decision of January 26, 1990, the Board concluded that appellant's then-existing service-connected "disorders, in and of themselves, are [not] so debilitating as to preclude him from securing and maintaining substantially gainful employment." *Walter Evans, Jr.*, at 8. That discrete decision and the

record upon which it was based are fully capable of judicial review without reference to the referred claims. Of course, our decision on the decided claims is without prejudice to an appeal on any future Board decision concerning the referred claims.

Upon consideration of the record, appellant's brief, the Secretary's motion for summary affirmance, and appellant's opposition to the motion, it is the holding of the Court that appellant has not demonstrated that the Board of Veterans' Appeals committed either factual or legal error which would warrant reversal. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). Summary disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

Therefore, the Secretary's motion for summary affirmance is granted and the decision of the Board of Veterans' Appeals is AFFIRMED.