﻿Citation Nr: AXXXXXXXX
Decision Date: 03/12/19 Archive Date: 03/12/19

DOCKET NO. 180924-1220
DATE: March 12, 2019

REMANDED

Entitlement to an initial disability rating in excess of 30 percent for depression is remanded.

Entitlement to a total disability rating based on individual unemployability (TDIU) is remanded. 

REASONS AND BASES FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Army from November 1966 to November 1968. 

VA received an intent to file (VA 21-0966) form from the Veteran in August 2017 and a second intent file received in September 2017. These forms were followed by a formal claim received in October 2017 for service connection for depression, to include on a secondary basis. Thereafter, in a February 2018 rating decision the Veteran’s claim for service connection for depression was denied. He selected the Higher-Level Review lane when he submitted his RAMP election form, received by VA on June 4, 2018. 

Subsequently, the agency of original jurisdiction issued an August 2018 RAMP rating decision, which granted service connection for depression and assigned an evaluation of 30 percent effective September 28, 2017. In September 2018, the Veteran timely appealed the RAMP rating decision to the Board and requested the evidence lane. Along with his election to appeal directly to the Board, he asserted entitlement to a higher initial rating, to include consideration of a TDIU. See 09/24/2018, Correspondence; 09/24/2018 VA 21-8940. 

1. Entitlement to an initial disability rating in excess of 30 percent for depression.

The issue of entitlement to an initial disability rating in excess of 30 percent for depression is remanded to correct a duty to assist error that occurred prior to the August 2018 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a December 2017 VA examination. However, this examination report does not show consideration of the relevant evidence. As such, it is inadequate. 

In this regard, the VA examiner noted the Veteran’s report of a recent meeting with a private therapist, but the report indicated that no records of this consultation were available. Nevertheless, a review of the evidence of record at the time of the August 2018 rating decision shows that, in October 2017, two months prior to the VA examination, the Veteran submitted a report from an August 2017 psychological evaluation. See 10/16/2017, Medical Treatment Record - Non-Government Facility. This private report appears to show a more severe disability picture than the one reflected in the subsequent December 2017 VA examination report. Nevertheless, the private evaluation appears to be based on facts that were contradicted by the Veteran during the December 2017 VA examination. 

For example, the August 2017 private examination shows a finding that the Veteran is permanently and totally disabled due to his depression. In contrast, the December 2017 VA examination indicates that the Veteran denied any history of functional impairment due to his mental health symptoms. The discrepancy between the two reports is so significant that it raises doubts as to the adequacy of both reports. In view of this, the Board finds that it is not in position to adjudicate this matter. A remand is therefore necessary to correct the abovementioned duty to assist error.

2. Entitlement to a TDIU is remanded.

The Veteran has submitted evidence of unemployability due to his service-connected depression. In detail, an August 2017 psychological evaluation (received in October 2017) shows a finding that the Veteran is permanently and totally disabled due to his depression. An April 2018 statement (from the same practitioner who conducted the August 2017 psychological evaluation) adds a finding of unemployability. Additionally, the Veteran, in a TDIU application (submitted with his September 2018 notice of disagreement), indicated that he has been unemployable due to his depression since July 2013. This evidence raises the issue of entitlement to a TDIU due to the service-connected depression. Thus, the TDIU matter is now under the Board’s jurisdiction as part and parcel of the appeal from the rating assigned for the underlying disability. Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). 

The August 2018 RAMP rating decision did not include consideration of a TDIU. Furthermore, this issue is inextricably intertwined with the issue of higher initial rating for depression. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (stating that two issues are “inextricably intertwined” when they are so closely tied together that a final Board decision on one issue cannot be rendered until the other issue has been considered). In this regard, the Board may remand for correction of any other error by the agency of original jurisdiction in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant’s claim. 38 C.F.R. § 20.802(a) (eff. Feb. 19, 2019). As the Board is remanding the intertwined issue of the rating for depression, the Board finds a remand to the AOJ would allow for a reasonable possibility of substantiating the TDIU matter. As such, the issue of a TDIU is remanded.

 

The matters are REMANDED for the following action:

Schedule the Veteran for an examination by an appropriate clinician to determine the current severity of his service-connected psychiatric disorder. The examiner is to provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria. The examiner must attempt to elicit information regarding the severity, frequency, and duration of symptoms. To the extent possible, the examiner should identify any symptoms and social and occupational impairment due to his service-connected psychiatric disorder alone.

 

Paul Sorisio

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD P. López, Associate Counsel