﻿Citation Nr: 19158971
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 10-27 342
DATE: July 30, 2019

REMANDED

Entitlement to service connection for cervical spine disability, as secondary to service-connected intervertebral disc syndrome, is remanded.

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 1975 through April 1985. These matters come before the Board of Veterans’ Appeals (Board) on appeal from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO); it is currently before the Board on remand from the United States Court of Appeals for Veterans Claims (Court).

These matters were previously before the Board in October 2011, when they were remanded for additional development, and November 2017, when they were denied. The Veteran timely appealed that decision to the Court, and a November 2018 order granted a Joint Motion for Partial Remand (JMPR), vacated the Board’s decision, and remanded the case remanded the matter for compliance with the instructions in the JMPR. 

1. Entitlement to service connection for cervical spine disability, as secondary to service-connected intervertebral disc syndrome, is remanded.

The Veteran was afforded a VA examination in October 2012, at which time the examiner opined that it was less likely than not that the cervical spine disability was caused or aggravated by the service-connected low back disability. In explaining her opinion, the examiner focused on the fact that the Veteran had been involved in a motorcycle accident a few weeks after the June 2008 VA examination, which resulted in neck surgery. The examiner explained that based on the “sequence of these events,” the logical conclusion was that the motorcycle accident worsened the cervical spine disability. The JMR found that the October 2012 VA examiner’s opinion was inadequate because it does not rule out the possibility that the low back disability has aggravated the cervical spine disability, either prior to or after the June 2008 motorcycle accident, nor does it adequately address the positive opinion of record that was provided prior to Appellant’s 2008 motorcycle accident. The JMR found that the lack of an adequate rationale frustrates judicial review. See Monzingo v. Shinseki, 26 Vet.App. 97, 106 (2012).

Consistent with the findings in the JMPR, the Board finds that a new VA examination and/or medical opinion must be obtained to adequately address whether the Veteran’s cervical spine disability is aggravated by his service-connected low back disability. See El-Amin, 26 Vet.App. at 140; 38 C.F.R. § 3.310.

2. Entitlement to a TDIU is remanded.

In the November 2017 decision, the Board found that Veteran was not unemployable because of his service-connected disabilities alone, citing to Veteran’s July 2011 Board hearing when he testified that his most limiting disability was his cervical spine pain and limitation of motion. Thus, the issue of entitlement to TDIU is inextricably intertwined with the adjudication of his cervical spine claim. See Harris v. Derwinski, 1 Vet.App. 180, 183 (1991).

The matters are REMANDED for the following action:

1. Forward the claims folder to a suitable expert to review the file and provide an addendum medical opinion regarding the Veteran’s cervical spine/neck disability. The Veteran need not be scheduled for another physical examination unless such examination is considered necessary to provide a reliable opinion as to causation and aggravation by the examiner.

The claims folder should be made available and reviewed by the examiner. All indicated studies should be performed and all findings should be reported in detail.

The examiner is requested to provide an opinion as to the following:

A) Whether it is at least as likely as not (50 percent probability or greater) that the current neck disability was caused or aggravated by the Veteran’s active military service.

B) Whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s current neck disability was caused or aggravated by his service-connected low back disability. In discussing the secondary service connection theory, the examiner must discuss the aggravation aspect, to include whether the service-connected low back disability aggravated the Veteran’s cervical spine disability prior to, and after, the June 2008 motorcycle accident.

C) The examiner must also address the conflicting VA opinions (June 2008 and April 2010) that address the relationship between the Veteran’s cervical spine and his service-connected low back disability.

Complete reasoning must be provided for all opinions provided.

3. Then readjudicate the cervical spine claim as well as the inextricably intertwined claim of a TDIU.

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. McPhaull, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.