﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190426-8918
DATE: June 16, 2020

REMANDED

Entitlement to an effective date earlier than September 13, 2011 for the grant of entitlement to service connection for a psychiatric disorder, claimed as schizophrenia, is remanded.

Entitlement to an initial disability rating in excess of 30 percent for service-connected psychiatric disorder, claimed as schizophrenia, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from July 1989 to January 1990.

In March 2019, the Board issued a decision reopening entitlement to service connection for a psychiatric disorder, claimed as schizophrenia, under the provisions of 38 C.F.R. § 3.156(a), and granting entitlement to service connection for a psychiatric disorder, claimed as schizophrenia. In March 2019, the RO issued an implementing rating decision that assigned an initial 30 percent rating, effective September 13, 2011. In April 2019, the Veteran filed a timely VA form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), and selected the Board’s Direct Review docket, giving rise to the instant appeal. The undersigned Veterans Law Judge has been assigned to consider this matter pursuant to 38 C.F.R. § 20.106(a).

The service department records received in April 2019 were duplicative of those received in the pre-decisional period, and the only other evidence received since the March 2019 rating decision pertained to the Veteran’s request for advancement on the docket. No other substantive evidence was received after the March 2019 rating decision.

In April 2020, the Veteran and his attorney were notified that the Board intended to review the March 2019 Board decision on the basis of clear and unmistakable error (CUE). In June 2020, the Board issued a decision revising the March 2019 Board decision based on CUE to reflect that new and material evidence was not required to reopen an April 1999 claim of entitlement to service connection for a psychiatric disorder, claimed as schizophrenia, because the claim should have been reconsidered on a de novo basis pursuant to 38 C.F.R. § 3.156(c). The Board concluded that relevant service department records related to a claim of entitlement to service connection for a psychiatric disorder, claimed as schizophrenia, were of record at the time of the March 2019 Board decision, and they existed, but had not been associated with the Veteran’s claims file, when VA first decided the April 1999 claim in a June 2000 rating decision. The Board’s June 2020 determination impacts the proper effective date to be assigned for the grant of service connection. 

Under the previous March 2019 Board decision, the Veteran’s claim was reopened based on new and material evidence under 38 C.F.R. § 3.156(a) and granted, and the effective date for the grant of service connection would have been the date of receipt of the claim to reopen or the date entitlement arose, whichever was later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400(r). However, the June 2020 Board decision revised the March 2019 Board decision and concluded that the claim should have been reconsidered based on the receipt of relevant service department records that were in existence, but not associated with the Veteran’s claim file, at the time of the initial June 2000 rating decision. Reconsidering the claim could allow for an effective date for an award of benefits based on the newly discovered relevant service department records that were previously unavailable dating back to the date of the original claim. Mayhue v. Shinseki, 24 Vet. App. 273, 277 (2011). In the June 2020 Board decision, the Board concluded that it did not have jurisdiction to adjudicate in the first instance the downstream issue of the effective date for the grant of entitlement to service connection for a psychiatric disability, claimed as schizophrenia, and the matter was returned to the RO for initial consideration.

The present claims seeking an effective date earlier than September 13, 2011 for the grant of service connection for a psychiatric disorder, claimed as schizophrenia, and an initial disability rating in excess of 30 percent, are inextricably intertwined with the effective date issue presently before the RO and are not ripe for appellate disposition. See Harris v. Derwinski, 1 Vet. App. 180 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final decision on one issue cannot be rendered until a decision on the other issue has been rendered). The Board cannot consider entitlement to an earlier effective date, as the RO has yet to assign an initial effective date for the grant of service connection for a psychiatric disorder, claimed as schizophrenia, pursuant to the June 2020 Board decision. Likewise, the Board cannot consider the increased rating claim, as the period on appeal remains unresolved.

Pursuant to 38 C.F.R. § 20.802(a), the Board may remand claims for correction of any error by the agency of original jurisdiction in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant's claim. As the RO assigned the effective date of September 13, 2011 for the grant of service connection for a psychiatric disorder, claimed as schizophrenia, based on the March 2019 Board decision, which has been revised on the basis of CUE, a remand is appropriate for the RO to consider the matters subsequent to the RO’s assignment of an initial effective date, as required by the June 2020 Board decision. 

[Continued on Next Page]

 

The matters are REMANDED for the following action:

Readjudicate the claims seeking entitlement to an effective date earlier than September 13, 2011 for the grant of service connection for a psychiatric disorder, claimed as schizophrenia, and entitlement to an initial disability rating in excess of 30 percent for the Veteran’s service-connected psychiatric disorder, claimed as schizophrenia, following the RO’s assignment of an initial effective date for the award of service connection for a psychiatric disorder, claimed as schizophrenia, as required by the Board’s June 2020 decision. 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Galante, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.