﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200213-62432
DATE: February 26, 2021

ORDER

Entitlement to an effective date of June 26, 2017, for service connection for posttraumatic stress disorder (PTSD) with unspecified depressive disorder is granted.

REMANDED

Entitlement to an initial rating in excess of 50 percent for service-connected PTSD is remanded.

Entitlement to a total disability rating based on individual unemployability (TDIU) is remanded.

FINDING OF FACT

VA first received VA Form 21-526EZ on June 26, 2017, seeking service connection for PTSD; the claim was filed more than a year following the Veteran’s discharge from service.

CONCLUSION OF LAW

The criteria for an effective date of June 26, 2017, for the award of service connection for PTSD have been met. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably on active duty in the United States Air Force from September 1972 to July 1974 and the United States Navy June 1975 to September 1993. The rating decision on appeal was issued in February 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the February 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Entitlement to an effective date prior to November 20, 2019, for the grant of service connection for PTSD with unspecified depressive disorder 

The Veteran seeks to establish an effective date prior to November 20, 2019, for the award of service connection for PTSD. He has not set forth a specific date of entitlement, but simply claims that an earlier effective date is warranted, and the Board agrees. See VA Form 10182. 

The effective date for a grant of service connection is the day following the date of separation from active service or the date entitlement arose, if the claim is received within one year after separation from active service; otherwise, it is the date of receipt of claim, or the date entitlement arose, whichever is later. See 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(b)(2)(i). Effective March 24, 2015, all claims must be submitted on a form prescribed by the Secretary of VA. 38 C.F.R. § 3.151.

The evidence shows that the Veteran separated from service in 1993. However, the earliest claim for compensation occurred in 2017, more than one year following separation from service. Therefore, the effective date shall be the date of receipt of the claim, or the date entitlement arose, whichever is later.

A review of the evidence shows, that among other awards and ribbons, the Veteran was awarded the Combat Action Medal during his Honorable service. See DD214. The Veteran maintains that he has had PTSD throughout the appeal period. The Veteran filed VA Form 21-526EZ on June 26, 2017, for service connection for PTSD. A stressor statement was attached.

The claim for PTSD was service connected in a February 2020 decision and was assigned an effective date of November 20, 2019, the date of medical evidence showing a diagnosis of PTSD. 

However, the Board finds that the evidence is sufficient to establish PTSD as of the date of claim. Notably, in October 2017, the Veteran underwent an initial VA psychiatric examination. The examiner noted the Veteran’s verified stressors. The Veteran reported difficulty with sleep, nightmares, occasional depression and anxiety, irritability and more anger than normal, social isolation, lack of interest, excessive worry, avoidance behaviors, and being easily started. The examiner did not diagnose the Veteran with PTSD under the DSM-V guidelines because his symptoms of PTSD did not significantly interfere with social and occupational functioning, even though various symptoms of PTSD may still be present. The examiner reasoned that the Veteran was able to maintain meaningful relationships, maintain employment, and denied receiving any mental health treatment. 

The Veteran was formally diagnosed with PTSD on VA examination in November 2019. In rendering the diagnosis, the 2019 VA examiner indicated the Veteran now had “clear symptoms of PTSD,” which met the DSM-V criteria for PTSD and were related to combat. The Board notes the Veteran presented with similar symptomatology on VA examination in 2017. The stressors were again verified. The examiner found mild occupational and social impairment due to transient symptoms, the Veteran still had meaningful relationships with his wife and a close friend in the area, and still denied any current mental health treatment. These were not unlike the findings in 2017.

While the formal PTSD diagnosis was not rendered until 2019, the Board finds it clear from the record that the symptoms of PTSD have continuously existed since the filing of the claim. The Veteran’s combat stressors are not in dispute. Affording, the Veteran the benefit of the doubt, the Board further finds that medical evidence is sufficient to show that PTSD existed throughout the appeal period, to include on the date of claim. 

Therefore, the Board finds that an effective date of June 26, 2017, and no earlier, is warranted for the award of service connection for PTSD. 38 C.F.R. §§ 3.102, 3.400. 

REASONS FOR REMAND

Entitlement to a rating in excess of 50 percent for service-connected PTSD and TDIU

As indicated above, the Board has awarded an earlier effective date for the grant of service connection for PTSD. The RO has yet to assign an initial rating for the period from June 26, 2017, to November 20, 2019. Because the implementation of the earlier effective date award of service connection for PTSD could significantly impact a decision on the issues of entitlement to a higher initial evaluation for PTSD and TDIU, the issues are inextricably intertwined. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991). Thus, a remand of the claims is required.

The matter is REMANDED for the following action:

1. The RO must implement the June 26, 2017, effective date for the award of service connection for PTSD. The RO must also assign an initial rating for PTSD for the period from June 26, 2017, to November 20, 2019.

2. After completing the above, and any other development necessary, the issues remaining on appeal should be readjudicated based on the entirety of the evidence. If the claims remain denied, the matters must be returned to the Board after compliance with appellate procedures. 

 

K. L. Wallin

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Gandhi, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.