Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 210510-159114
DATE: May 28, 2021

ORDER

New and relevant evidence has been received, and the Veteran's claim for service connection for left knee pain disability shall be readjudicated.

New and relevant evidence has been received, and the Veteran's claim for service connection for right knee pain/injury shall be readjudicated.

New and relevant evidence has been received, and the Veteran's claim for service connection for low back pain shall be readjudicated.

New and relevant evidence has been received, and the Veteran's claim for service connection for bilateral pes planus shall be readjudicated.

REMANDED

Entitlement to service connection for left knee pain disability is remanded. 

Entitlement to service connection for right knee pain/injury is remanded.

Entitlement to service connection for low back pain is remanded. 

Entitlement to service connection for bilateral pes planus is remanded. 

FINDINGS OF FACT

1. New evidence was received that is relevant to the issue of service connection for left knee pain disability.

2. New evidence was received that is relevant to the issue of service connection for right knee pain/injury.

3. New evidence was received that is relevant to the issue of service connection for low back pain.

4. New evidence was received that is relevant to the issue of service connection for bilateral pes planus.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for left knee pain disability have been met. 38 C.F.R. § 3.2501.

2. The criteria for readjudicating the claim for service connection for right knee pain/injury have been met. 38 C.F.R. § 3.2501.

3. The criteria for readjudicating the claim for service connection for low back pain have been met. 38 C.F.R. § 3.2501.

4. The criteria for readjudicating the claim for service connection for bilateral pes planus have been met. 38 C.F.R. § 3.2501.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran honorably served on active duty in the United States Army from December 1958 to December 1960. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a November 2020 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

In May 2021, the Veteran filed a VA Form 10182 Decision Review Request: Board Appeal (NOD) for the issues on appeal. Given the dates of the rating decision and the notice of disagreement, the Veteran's appeal is governed by the modernized review system, known by the Board as the AMA. 38 C.F.R. § 19.2. The Veteran selected the Direct Review Lane, in which the Board's decision would be based on the evidence of record at the time of the prior decision. No hearing was requested.

New and Relevant Evidence

1. Whether new and relevant evidence has been received to readjudicate the claim for service connection for left knee pain/injury disability.

2. Whether new and relevant evidence has been received to readjudicate the claim for service connection for right knee pain/injury.

3. Whether new and relevant evidence has been received to readjudicate the claim for service connection for low back pain.

4. Whether new and relevant evidence has been received to readjudicate the claim for service connection for bilateral pes planus. 

VA regulations, applicable to AMA adjudications, provide that if new and relevant evidence is presented or secured with respect to a supplemental claim, the AOJ will readjudicate the claim taking into consideration all of the evidence of record. If new and relevant evidence is not presented or secured, the agency of original jurisdiction will issue a decision finding that there was insufficient evidence to readjudicate the claim. In determining whether new and relevant evidence is presented or secured, VA will consider any VA treatment records reasonably identified by the claimant and any evidence received by VA after VA issued notice of a decision on the claim and while the evidentiary record was closed. 38 C.F.R. § 3.2501. 

New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence is information that tends to prove or disprove a matter at issue in a claim. Relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed. 38 C.F.R. § 3.2501(a)(1). New and relevant evidence received before VA issues its decision on a supplemental claim will be considered as having been filed in connection with the claim. 38 C.F.R. § 3.2501(a)(2). 

The evidentiary record for a supplemental claim includes all evidence received by VA before VA issues notice of a decision on the supplemental claim. For VA to readjudicate the claim, the evidentiary record must include new and relevant evidence that was not of record as of the date of notice of the prior decision. 38 C.F.R. § 3.2501(b). Upon receipt of a substantially complete supplemental claim, VA's duty to assist in the gathering of evidence is triggered and includes any such assistance that may help secure new and relevant evidence to complete the supplemental claim application. 38 C.F.R. § 3.2501(c).

The Veteran is seeking service connection for left knee disability, right knee disability, bilateral pes planus, and low back disability. 

In an August 2016 rating decision, the RO originally denied service connection for bilateral pes planus and degenerative arthritis of the spine. The RO denied service connection for bilateral pes planus because the RO found that it did not occur in service and was not caused by service. The RO denied service connection for degenerative arthritis of the spine because it found that it was not related to service. The August 2016 rating decision became final. In September 2018, the Veteran filed claims for service connection for low back pain and bilateral knee pain. 

In a June 2019 rating decision, the RO continued the denial of service connection for low back pain because the evidence submitted was not new and material. The RO also denied service connection for left knee pain and right knee pain based on a finding that it was not related to his military service. This decision became final.

In July 2020, the Veteran filed a supplemental claim. In September 2020, the RO continued the denials of service connection for left knee pain, low back pain, bilateral pes planus and right knee pain because the evidence submitted was not new and relevant. The Veteran again filed supplemental claims in October 2020 and November 2020. 

The evidence received after the June 2019 rating decision includes statements by the Veteran that his bilateral pes planus is a nexus for his bilateral knee disabilities and low back disability. The Veteran also asserts that there was evidence that he was inducted into service with flat feet and that there were foot problems noted on his medical separation history record. See October 2020 Correspondence and November 2020 VA Form 20-0995 Supplemental Claim Application. The Board finds this evidence to be new because the Veteran has not presented these theories before, and it is relevant because it involves a matter at issue in the claims. Therefore, readjudication of the claims are warranted. 

REASONS FOR REMAND

5. Entitlement to service connection for bilateral pes planus.

The Veteran is seeking service connection for left knee pain, right knee pain, low back pain, and bilateral pes planus. The Veteran asserts that his bilateral knee disorder and low back disorder are secondary to his bilateral pes planus. He asserts that there was evidence that he was inducted into service with flat feet and that he had foot problems noted on his medical separation history record.

The Veteran's December 1958 Report of Military Examination (entrance) is silent for any back, feet, and/or knee disorders. Further, on his December 1958 Report of Medical History (entrance), the Veteran checked "no" to having any foot trouble. Further, the Veteran did not report any back or knee problems. The Veteran's November 1960 Report of Medical examination (separation) reveals that the Veteran had pes planus 3rd degree congenital and dislocated the 4th and 5th metatarsal of his left foot. A July 1960 service treatment health record shows that the Veteran had a fall and hurt his left foot; he fractured his 4th and 5th metatarsal of the left foot. 

In August 2016, a VA medical opinion was obtained regarding the Veteran's bilateral pes planus. The VA examiner opined that it was less likely than not that the Veteran's bilateral pes planus was incurred in or caused by his military service. The Veteran's service treatment records did not document a chronic on-going treatment or condition for bilateral pes planus. The Veteran was seen briefly for two broken toes, which were a distinct and separate diagnosis. 

The Board finds that the August 2016 medical opinion is inadequate. The VA examiner does not consider the fact that the Veteran's separation examination revealed that the Veteran had congenital pes planus. Also, the examiner did not discuss whether the Veteran's pes planus was a congenital disease or defect. 

Service connection is available for congenital diseases, but not defects, that are aggravated in service. Quirin v. Shinseki, 22 Vet. App. 390, 394 (2009); Monroe v. Brown, 4 Vet. App. 513, 515 (1993). In cases where the appellant seeks service connection for a congenital condition, the Board must indicate whether the condition is a disease or defect and discuss application of the presumption of soundness. Quirin, 22 Vet. App. at 394-97. It follows that in such cases where a congenital condition is at issue, a VA medical opinion may be needed to determine whether the condition is a disease or defect, whether the presumption of soundness has been rebutted, and if so whether there was aggravation during service. Id. at 395.

Additionally, in this case, the examiner may need to address the issue of presumption of soundness if it is determined that the Veteran's bilateral pes planus is a congenital disease. In this regard, the presumption of soundness does not apply to congenital defects because such defects "are not diseases or injuries" within the meaning of 38 U.S.C. §§ 1110 and 1111. See 38 C.F.R. § 3.303 (c); see also Quirin, 22 Vet. App. at 390 (holding that the presumption of soundness does not apply to congenital defects); Winn v. Brown, 8 Vet. App. 510, 516 (1996) (holding that a non-disease or non-injury entity such as a congenital defect is "not the type of disease- or injury-related defect to which the presumption of soundness can apply"). Therefore, a remanded is warranted to address this matter.

6. Entitlement to service connection for left knee pain disability.

7. Entitlement to service connection for right knee pain/injury.

8. Entitlement to service connection for low back pain.

The Board finds that the issues of service connection for left knee pain, right knee pain, and low back pain are intertwined with the issue of service connection for bilateral pes planus. The Veteran has claimed that his bilateral pes planus is a nexus for his low back and bilateral knee disabilities. The Veteran is currently not service-connected for his bilateral pes planus, which is being remanded. Therefore, as the Veteran's claim for service connection for bilateral pes planus is being remanded, so should the Veteran's claims for service connection for bilateral knee disabilities and low back disability also be remanded. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (holding that the prohibition against the adjudication of claims that are inextricably intertwined is based upon the recognition that claims related to each other should not be subject to piecemeal decision-making or appellate litigation). 

The matters are REMANDED for the following action:

1. Obtain a VA addendum medical opinion to determine the nature and etiology of the Veteran's bilateral pes planus. If an opinion cannot be rendered without performing an examination, then an examination should be scheduled. The entire claims file and a copy of this remand must be made available to the examiner for review. The VA examiner should consider the following:

(a.) Whether the Veteran's bilateral pes planus is a congenital disease, a congenital defect, or an acquired disorder. 

The examiner is advised that for purposes of VA compensation, a congenital defect is defined as a condition that is more or less stationary in nature, whereas a congenital disease is defined as a condition capable of improving or deteriorating. 

(b.) If the Veteran's bilateral pes planus is a congenital defect, was this defect subject to a superimposed disease or injury during service? If the answer is "Yes," describe the resultant disability.

(c.) If it is determined to be a congenital disease or it was acquired, whether there is clear and unmistakable evidence that the bilateral pes planus pre-existed military service, and if so, whether there is clear and unmistakable evidence that it was NOT aggravated beyond natural progression of the condition. 

(d.) If the congenital disease, acquired disability, or resultant disability did not pre-exist service and/or there was not any clear and unmistakable evidence that it was NOT aggravated, then whether it is related to military service.

(e.) If it is found that the Veteran's bilateral pes planus is related to his military service, the examiner should provide an opinion as to whether it is at least as likely as not that the Veteran's bilateral knee disability and low back disability was caused, proximately due to, and/or aggravated by his bilateral pes planus.

All opinions must be accompanied by a sufficient rationale. A negative opinion cannot be based on the absence of medical evidence. 

2. Readjudicate the claims, to include completing any additional development that is needed. If any of the claims remain denied, the RO should issue a supplemental statement of the case (SSOC) and allow the Veteran and his representative an opportunity to respond. 

 

 

B. G. LeMoine

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Crawford, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.