Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 200519-88923
DATE: October 29, 2021

ORDER

As new and relevant evidence has been received, the claim for service connection for tinnitus is readjudicated.

REMANDED

Entitlement to service connection for a bilateral hearing loss disability is remanded.

Entitlement to service connection for tinnitus is remanded.

FINDINGS OF FACT

1. An unappealed March 2016 rating decision is the last final decision that denied service connection for tinnitus.

2. The evidence received since the final March 2016 rating decision is new and relevant in that it tends to prove or disprove a matter in issue.

CONCLUSION OF LAW

The criteria for readjudicating the claim of service connection for tinnitus are met. 38 U.S.C. § 5108; 38 C.F.R. § 3.156.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran, who is the appellant in this case, served on active duty from September 1982 to September 1985.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). In May 2020, the Veteran filed a timely VA Form 10182 (Decision Review Request: Board Appeal) and requested a hearing before the Board.

In May 2021, the Veteran testified at a virtual hearing before the undersigned Veterans Law Judge. A copy of the hearing transcript is of record and has been reviewed.

In the November 2019 rating decision on appeal, the RO confirmed and continued the previous denial of service connection for a bilateral hearing loss disability. The Board acknowledges that in the discussion section of the rating decision, the RO applied the incorrect standard of new and material evidence and made contradictory findings initially finding that new and material evidence was received and that the claim was considered reopened, and then finding that the submitted evidence did not constitute new and material evidence. Nonetheless, because the RO adjudicated the issue of entitlement to service connection for a bilateral hearing loss disability on its merits, the Board concludes that there was an implicit finding of new and relevant evidence for this claim. The Board is bound by this favorable finding, as no clear and convincing evidence is shown to the contrary. See 38 U.S.C. § 5104A. For these reasons, the Board will proceed with adjudicating the issue of entitlement to service connection for a bilateral hearing loss disability on its merits. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c). Indeed, this poses no prejudice to the Veteran.

1. Whether new and relevant evidence has been received to readjudicate the claim of service connection for tinnitus

An appellant may request readjudication of a previously denied claim if new and relevant evidence is presented or secured. VA will readjudicate the claim taking into consideration all evidence of record. See 38 C.F.R. § 3.156(d). New evidence means existing evidence not previously submitted to agency decisionmakers. The term "relevant evidence" means evidence that tends to prove or disprove a matter in issue. The standard shall not be construed to impose a higher evidentiary threshold than the new and material evidence standard that was in effect prior to the date of the enactment of the Appeals Modernization Act. See 38 U.S.C. § 5108; Pub. L. No. 115-55.

In this matter, the Veteran's service connection claim for tinnitus was most recently denied by the RO in a March 2016 rating decision under the legacy system because no new and material evidence had been received to reopen a claim previously denied by the RO. The Veteran did not appeal the March 2016 rating decision, nor was new and material evidence received within a year of notification of the rating decision. 38 C.F.R. § 3.156(b). Therefore, the March 2016 rating decision became final. 38 U.S.C. § 7105(c); 38 C.F.R. § 3.104(a).

Thus, the question remaining before the Board is whether the evidence received after the final March 2016 rating decision is both new and relevant.

The record reflects that when the RO issued the March 2016 rating decision, the Veteran's claims file contained July 2007 and December 2015 claim applications, service treatment records (STRs), VA treatment records, and a February 2008 VA audiological examination report.

Evidence received since the March 2016 rating decision includes a September 2019 Supplemental Claim Application, a September 2019 Statement in Support of Claim, a medical article submitted in September 2019, updated VA treatment records, a November 2019 VA audiological examination report, the Veteran's May 2021 Board hearing testimony, and an August 2021 letter from the Veteran's VA treatment provider.

Notably, in the November 2019 VA audiological examination report, the Veteran endorsed recurrent tinnitus and reported an onset in 1997 or 1998. Furthermore, in the August 2021 letter (which was submitted during the 90-day evidence window following the Veteran's May 2021 Board hearing), the Veteran's treatment provider wrote, "it is my professional opinion that it is at least as likely as not (50% or greater probability) that [the Veteran] developed tinnitus with hearing loss and was experiencing symptoms while he was in service or within a year of discharge."

The Board finds the November 2019 VA audiological examination report and the August 2021 letter by the Veteran's VA treatment provider to be new and relevant, as they were not before the RO at the time of the March 2016 rating decision and they tend to prove or disprove matters in issue regarding the Veteran's claim namely, a current disability and a nexus to his service.

Accordingly, the Board concludes that the evidence received since the last final decision is new and relevant and, for these reasons, the Board will readjudicate the claim.

REASONS FOR REMAND

1. Entitlement to service connection for a bilateral hearing loss disability is remanded.

The Veteran asserts he is entitled to service connection for a bilateral hearing loss disability. The Board finds that the matter must be remanded to cure a pre-decisional duty to assist error.

In November 2019, the Veteran was provided a VA audiological examination to determine the nature and likely etiology of his claimed bilateral hearing loss disability. In the "Objective Findings" section of the examination report, the VA examiner noted that the pure tone test results were not valid for rating purposes and not indicative of organic hearing loss, explaining, "Responses to pure tone stimuli are judged to be exaggerated based upon unreliable responses, positive Stenger at 1000, 2000, and 4000 Hz [hertz], and some bone conduction responses worse than air conduction responses." The VA examiner also found that the use of the speech discrimination score was not appropriate for this Veteran because of language difficulties, cognitive problems, inconsistent speech discrimination scores, etc., that make combined use of pure tone average and speech discrimination scores inappropriate. However, in the "Diagnosis" section of the examination report, the VA examiner determined that the Veteran had sensorineural hearing loss in the frequency ranges of 500 to 4000 Hz and 6000 Hz or higher, bilaterally.

The Board finds that further clarification is necessary prior to appellate review of this claim. For VA purposes, impaired hearing is considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, and 4000 Hz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, and 4000 Hz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. On remand, the VA examiner should provide an addendum opinion explaining whether, despite the invalid test results, the Veteran has hearing loss for VA purposes. 

Additionally, the Board observes that in the February 2008 VA audiological examination report, the VA examiner found that the Veteran's April 6, 1991 audiogram "indicated a mild hearing loss at 500Hz bilaterally." This audiogram was conducted during the Veteran's Reserves service. No development has been undertaken to verify the Veteran's duty status at the time of the April 6, 1991 audiogram. As such, verification of the Veteran's duty status should be accomplished on remand. 

Furthermore, on remand, the VA examiner should address the significance of the April 6, 1991 audiogram results, specifically the February 2008 VA examiner's finding that it "indicated a mild hearing loss at 500Hz bilaterally."

2. Entitlement to service connection for tinnitus is remanded.

The Veteran asserts he is entitled to service connection for tinnitus. The Board finds that the matter must be remanded to cure a pre-decisional duty to assist error.

At the November 2019 VA audiological examination, the Veteran endorsed an onset of his tinnitus in 1997 or 1998, which was during his Reserves service. No development has been undertaken to verify the Veteran's duty status during that timeframe. As such, verification of the Veteran's duty status should be accomplished on remand, to include his periods of active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA) during the years 1997 and 1998. 

Furthermore, the Board finds that the issue of entitlement to service connection for tinnitus must be remanded as it is inextricably intertwined with the Veteran's claim for service connection for a bilateral hearing loss disability, given the November 2019 VA examiner's opinion that the Veteran's tinnitus is at least as likely as not a symptom associated with his hearing loss. See Harris v. Derwinski, 1 Vet. App. 180 (1991).

Accordingly, the matters are REMANDED for the following action:

1. Contact the appropriate records custodian(s) to verify the Veteran's duty status on April 6, 1991 and his periods of ACDUTRA and INACDUTRA during the years 1997 and 1998.

2. Then, obtain an addendum VA medical opinion from the VA examiner who completed the November 2019 VA audiological examination report, if possible. If this is not possible, an opinion should be rendered by another appropriate examiner. The claims file, including a copy of this Remand, must be made available to, and be reviewed by, the examiner. If another examination is indicated, one should be provided to the Veteran.

After a thorough review of the claims file, the examiner is asked to respond to the following:

(a) In the "Objective Findings" section of the November 2019 VA audiological examination report, the examiner noted that the pure tone test results were not valid for rating purposes and not indicative of organic hearing loss, explaining, "Responses to pure tone stimuli are judged to be exaggerated based upon unreliable responses, positive Stenger at 1000, 2000, and 4000 Hz, and some bone conduction responses worse than air conduction responses." The examiner also found that the use of the speech discrimination score was not appropriate for this Veteran because of language difficulties, cognitive problems, inconsistent speech discrimination scores, etc., that make combined use of pure tone average and speech discrimination scores inappropriate. However, in the "Diagnosis" section of the examination report, the examiner determined that the Veteran had sensorineural hearing loss in the frequency ranges of 500 to 4000 hertz (Hz) and 6000 Hz or higher, bilaterally.

Please explain whether, despite the invalid test results, the Veteran has hearing loss for VA purposes. Impaired hearing is considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, and 4000 Hz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, and 4000 Hz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

(b) Address the significance of the Veteran's April 6, 1991 audiogram results. Specifically, address the February 2008 VA audiological examiner's finding that the audiogram "indicated a mild hearing loss at 500Hz bilaterally."

(c) If hearing loss for VA purposes is found to exist, provide an opinion as to whether it at least as likely as not (50 percent probability or greater) had its onset during a verified period of ACDUTRA, is related to an injury occurring during a verified period of ACDUTRA or INACDUTRA, or is otherwise related to his active service.

 

 

S. B. MAYS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. M. Gill, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.