﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 190327-22161
DATE: April 30, 2021

ORDER

New and relevant evidence having been received, readjudication of the claim for service connection for degenerative disc disease of the lumbar spine is warranted.

New and relevant evidence having been received, readjudication of the claim for service connection for idiopathic hypersomnia is warranted.

Entitlement to service connection for degenerative disc disease of the lumbar spine is granted.

Entitlement to service connection for idiopathic hypersomnia is granted.

REMANDED

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities is remanded.

FINDINGS OF FACT

1. New evidence was received after the September 2014 denial that is relevant to the issue of entitlement to service connection for degenerative disc disease of the lumbar spine. 

2. New evidence was received after the September 2014 denial that is relevant to the issue of entitlement to service connection for idiopathic hypersomnia. 

3. Resolving reasonable doubt in the Veteran’s favor, the probative evidence of record demonstrates the Veteran’s degenerative disc disease of the lumbar spine began during his active service. 

4. Resolving reasonable doubt in the Veteran’s favor, the probative evidence of record demonstrates idiopathic hypersomnia is proximately due to his now service-connected degenerative disc disease of the lumbar spine.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for degenerative disc disease of the lumbar spine have been met. 38 C.F.R. §§ 3.156(d), 3.2501(a). 

2. The criteria for readjudicating the claim for service connection for idiopathic hypersomnia have been met. 38 C.F.R. §§ 3.156(d), 3.2501(a). 

3. The criteria for service connection for degenerative disc disease of the lumbar spine have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

4. The criteria for service connection for idiopathic hypersomnia have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1999 to September 1999.

The rating decision on appeal was issued by the Department of Veterans Affairs (VA) Regional Office (RO) in March 2019. In the March 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the hearing docket, which provides an opportunity to have a hearing with a Veterans Law Judge of the Board of Veterans’ Appeals (Board). The Veteran testified at a Board hearing in December 2020. Therefore, the Board may only consider the evidence of record at the time of the March 2019 agency of original jurisdiction (AOJ) decision on appeal, the hearing testimony and any evidence received within 90 days of the hearing. 38 C.F.R. § 20.301.

New and Relevant Evidence

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 38 C.F.R. § 3.156(d). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. § 3.2501(a)(1). 

1. Degenerative Disc Disease of the Lumbar Spine and Idiopathic Hypersomnia 

The questions in this case are whether the Veteran submitted evidence after the prior denial of his claims for service connection for degenerative disc disease of the lumbar spine and idiopathic hypersomnia, and if so, whether that evidence is new and relevant to his claims. 

The Board finds the Veteran submitted new evidence after the prior September 2014 rating decision that is relevant to his claims. He submitted an October 2018 private physician’s evaluation and opinion finding that his back disability began during his active service and that his idiopathic hypersomnia is due to his back disability medications. This private medical evaluation was not already of record and may prove or disprove the nexus element of the claims for service connection for degenerative disc disease of the lumbar spine and idiopathic hypersomnia. Readjudication of the claims is warranted. 

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Service connection may also be established on a secondary basis for a disability which is proximately due to or the result of a service connected disease or injury; or, for any increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progression of the nonservice-connected disease. 38 C.F.R. § 3.310(a)-(b); Allen v. Brown, 7 Vet. App. 439 (1995) (en banc).

2. Degenerative Disc Disease of the Lumbar Spine

Pursuant to the Appeals Modernization Act (AMA) appeals system, as the Veteran selected the Hearing docket, the Board may only consider evidence of record at the time of the March 2019 rating decision, December 2020 hearing testimony and any evidence received within 90 days of the hearing. The evidence of record at the time of the March 2019 rating decision includes service personnel records (SPRs), service treatment records (STRs), the Veteran’s DD Form 214, lay statements, private and VA medical records and a May 2014 VA examination and opinion.

In light of the regulations governing the modernized review system, the Board is bound by the favorable findings in the March 2019 rating decision. 38 C.F.R. § 19.2(d). In this case, the favorable findings in the March 2019 rating decision included that the Veteran has a current diagnosis of degenerative disc disease of the lumbar spine. 

The Board concludes that the Veteran has a current diagnosis of degenerative disc disease of the lumbar spine that began during active service. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

STRs demonstrate the Veteran was treated for low back pain. 

The post-service medical evidence reflects that the Veteran was initially treated for low back pain at a VA medical center (VAMC) in November 1999, approximately within two months of his separation from active service. In a November 1999 VA medical record, the Veteran reported lower back pain that began approximately three months earlier while in service and that he was told at the time that he had a bulging disc and a pinched nerve. At that time, he was diagnosed with lower back pain and questionable disc disease. 

Although a May 2014 VA examiner concluded that the Veteran’s back disability was a limited acute exacerbation in service, a private physician provided an evaluation and opinion in October 2018, finding that the Veteran’s current lumbar spine disability at least as likely as not began during the Veteran’s active service. The October 2018 private physician’s opinion was based on a review of the Veteran’s STRs and post-service medical records, the Veteran’s reported history and a physical examination of the Veteran. 

Accordingly, the Board finds the evidence to at least be in equipoise as to whether the Veteran’s current degenerative disc disease of the lumbar spine was incurred during active service. Therefore, after resolving all doubt in favor of the Veteran, the Board finds that service connection for degenerative disc disease of the lumbar spine is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

3. Idiopathic Hypersomnia 

Pursuant to the Appeals Modernization Act (AMA) appeals system, as the Veteran selected the Hearing docket, the Board may only consider evidence of record at the time of the March 2019 rating decision, December 2020 hearing testimony and any evidence received within 90 days of the hearing. The evidence of record at the time of the March 2019 rating decision includes service personnel records (SPRs), service treatment records (STRs), the Veteran’s DD Form 214, lay statements, private and VA medical records and a May 2014 VA examination and opinion.

In light of the regulations governing the modernized review system, the Board is bound by the favorable findings in the March 2019 rating decision. 38 C.F.R. § 19.2(d). In this case, the favorable findings in the March 2019 rating decision included that the Veteran has a current diagnosis of idiopathic hypersomnia. 

The probative evidence of record reflects that the Veteran has a current diagnosis of idiopathic hypersomnia and, as noted in this decision above, he is now service-connected for degenerative disc disease of the lumbar spine. The probative evidence is in equipoise as to whether idiopathic hypersomnia is proximately due to his service-connected degenerative disc disease of the lumbar spine. 38 U.S.C. §§ 1110, 1131; Allen, 7 Vet. App. 439; 38 C.F.R. §§ 3.303, 3.310(a). 

In an October 2018 private medical evaluation, the Veteran’s private physician found that it was at least as likely as not that idiopathic hypersomnolence was secondary to the medications used for the Veteran’s thoracolumbar spine injury. The October 2018 private physician’s opinion was based on a review of the Veteran’s STRs and post-service medical records, the Veteran’s reported history and a physical examination of the Veteran. The Board notes there is no contrary competent opinion of record on the matter of secondary service connection. 

Upon review of the record, the Board finds the evidence to at least be in equipoise as to whether the Veteran’s current idiopathic hypersomnia is proximately due to his service-connected degenerative disc disease of the lumbar spine. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection for idiopathic hypersomnia is warranted. 38 U.S.C. § 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS FOR REMAND

TDIU

In this case, the Veteran did not meet the preliminary schedular criteria for a TDIU under 38 C.F.R. § 4.16(a) as he had no service-connected disabilities until this decision was issued. The Board’s grant of service connection for degenerative disc disease of the lumbar spine and idiopathic hypersomnia will affect the outcome of the issue of entitlement to TDIU, depending on the ratings assigned by the AOJ. Accordingly, the Board will defer a decision pending further consideration by the AOJ. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

The matters are REMANDED for the following action:

After the assignment of ratings for the now service-connected back disability and idiopathic hypersomnia, readjudicate the issue of entitlement to TDIU. 

 

 

JENNIFER HWA

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Saira Spicknall, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.