Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 210505-157515
DATE: May 28, 2021

REMANDED

Entitlement to an evaluation in excess of 30 percent for service-connected inguinal hernia effective December 1, 2020 is remanded.

Entitlement to a continued temporary evaluation of 100 percent effective December 1, 2020 is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 1960 to June 1983.

In December 2020, the Veteran filed a Supplemental Claim for an increased rating for his service-connected inguinal hernia. In a May 2021 VA Form 10182, the Veteran requested a direct review of the January 2021 rating decision by the Board under the Appeals Modernization Act (AMA). Under direct review, a Board decision is based on the evidence at the time of the prior decision. The Board cannot hold a hearing or accept additional evidence into the record in its direct review. 38 C.F.R. § 20.301. Accordingly, the Board may consider the evidence of record as of January 7, 2021, the date of the rating decision.

The Board may not consider evidence after the January 2021 rating decision date. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify any additional evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision. 

By way of procedural history, the Board notes that the January 2021 rating decision granted convalescence from September 17, 2020 to December 1, 2020. Thereafter, a 30 percent rating was issued. The Veteran's 100 percent rating was granted for the time he was hospitalized to undergo surgery for his service-connected inguinal hernia.

1. Effective December 1, 2020 30 Percent Rating

The Board has reviewed the record and finds that this issue must be remanded to correct a duty to assist error that occurred prior to the January 2021 rating decision on appeal.

The Agency of Original Jurisdiction (AOJ) obtained a March 2020 VA examination. However, the Veteran underwent surgery for his service-connected disability in September 2020 and was hospitalized until November 2020. After the 100 percent rating was discontinued on December 1, 2020 for convalescence, the AOJ should have obtained a new VA examination to determine the severity of the Veteran's service-connected disability. The Board finds that a new VA examination should have been completed prior to the AOJ's January 2021 decision as the evidence of record is insufficient to determine the Veteran's condition post-surgery.

Under AMA, if the Board identifies a duty to assist error that existed at the time of the AOJ's decision on the claim under review, the claim must be returned for correction of the error and readjudication, which is the case here. 38 C.F.R. § 3.2601(g). 

2. 100 Percent Rating Continued

The Board finds the issue of whether the Veteran's temporary 100 percent rating should be continued must also be remanded. The consideration of entitlement to a continued temporary 100 percent rating for his service-connected disability could be impacted by the outcome of the Veteran's increased rating claim for the same period. As such, the matter is thus inextricably intertwined with the Veteran's claim being remanded herein. Harris v. Derwinski, 1 Vet. App. 180 (1991). Remand of the inextricably intertwined claim is therefore also required.

The matters are REMANDED for the following action:

The AOJ should schedule the Veteran for a new VA examination to ascertain the current severity and manifestations of his service-connected inguinal hernia. The claims file must be made available to the examiner for review. The most up-to-date Disability Benefits Questionnaire should be utilized. All testing and evaluation indicated should be conducted, and the results of any testing should be reviewed and included prior to completion of the examination report.

 

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Glaeser, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.