Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 200303-72526
DATE: May 28, 2021

REMANDED

1. Entitlement to service connection for breast cancer (claimed as double mastectomy) to include as secondary to service-connected fibrocystic breast disease is remanded.

2. Entitlement to service connection for residual scars, status-post (s/p) bilateral breast mastectomy as secondary to breast cancer (claimed as double mastectomy) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from September 1991 to April 1999.

The rating decision on appeal was issued in January 2020 and constitutes an initial decision; therefore, the modernized review system applies.

In the March 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket.

Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or her representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

The Board notes the only issues listed on the VA Form 10182 were service connection for breast cancer and service connection for residual scars, s/p bilateral breast mastectomy; the Veteran did not specifically disagree with the evaluation of fibrocystic breast disease, entitlement to a temporary total evaluation due to service-connect fibrocystic breast requiring convalescence, or evaluation of residual biopsy scar, left breast. Therefore, those issues are not before the Board.

The Veteran testified at a hearing conducted by the undersigned Veterans Law Judge in January 2021. A transcript of the hearing has been associated with the Veteran's VA claims file.

1. Entitlement to service connection for breast cancer (claimed as double mastectomy) to include as secondary to service-connected fibrocystic breast disease is remanded.

The Veteran contends that her breast cancer is secondary to her service-connected fibrocystic breast disease. 

Secondary service connection is awarded where a disability is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a).

In the January 2020 rating decision on appeal the Agency of Original Jurisdiction (AOJ) denied the Veteran's claim for service connection for breast cancer to include as secondary to fibrocystic breast disease and service connection for residual scars, status-post (s/p) bilateral breast mastectomy, following a December 2019 breast conditions and disorders disability benefits questionnaire and associated medical opinion. The VA examiner found the Veteran has now developed breast cancer which is a new and separate diagnosis from fibrocystic breast disease. She opined it is less likely than not that the Veteran's fibrocystic breast disease was the cause of breast cancer. The VA examiner based her opinion in part on an article from the Mayo Clinic and another publication on Fibrocystic Breast Changes in Cancer Research UK which indicate fibrocystic changes in the breast do not increase the risk of breast cancer. 

During the January 2021 Board hearing the Veteran testified that she always had a reoccurrence of malignant tumors. She testified that because of that recurrence her doctor preferred for her to have a double mastectomy. She testified that although her doctor noted fibrocytic disease with the breast tumors is not connected to breast cancer. The Veteran was advised of the information and evidence that would be helpful in supporting her claim. Specifically, she was asked to submit the article from the Mayo Clinic as well as a statement from her doctor indicating that fibrocystic disease caused tumors which became malignant and that malignancy is breast cancer. 

Following the hearing, the Veteran submitted the article from the Mayo Clinic along with the publication from Cancer Research UK, both of which the December 2019 VA examiner had also relied on. She submitted treatment notes from her doctor. A May 2020 hematology and oncology treatment note provided a diagnosis of malignant phyllodes tumor of right breast s/p bilateral mastectomy and an October 2019 post-operative note found fibrocystic changes of bilateral breasts mass of right breast fully excised, but the notes do not link fibrocystic breast disease to breast cancer.

Although the Veteran has not submitted competent evidence to contradict the VA examiner's opinion, the Board finds that because the December 2019 examination addressed only the issue of causation, and not aggravation, with regard to the issue of secondary service connection, the examination and opinion is inadequate for evaluation purposes. A medical opinion that focuses solely on causation is inadequate to address whether a service-connected disability aggravated another condition. See El-Amin v. Shinseki, 26 Vet. App. 136 at 140 (2013). Once the Secretary undertakes the effort to provide an examination, he must provide an adequate one or, at minimum, notify the claimant why one will not or cannot be provided. See 38 U.S.C. § 5103A(d)(1); see also Barr v. Nicholson, 21 Vet. App. 303 (2007).

Thus, the failure of the December 2019 VA examiner to provide an opinion on aggravation constitutes a pre-decisional duty to assist error and the claim must be remanded for a new opinion.

2. Entitlement to service connection for residual scars s/p bilateral breast mastectomy as secondary to breast cancer (claimed as double mastectomy) is remanded.

The Board finds that the Veteran's claim for service connection for residual scars s/p bilateral breast mastectomy is inextricably intertwined with the claim for service connection for breast cancer. See Harris v. Derwinski, 1 Vet. App. 180 (1991). As the claim for service connection for breast cancer is being remanded, so must the claim for service connection for scars.

The matters are REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate health care provider to determine the nature and likely etiology of the Veteran's breast cancer. The Veteran's claims folder must be made available to the examiner. All diagnostic testing deemed to be necessary by the examiner should be accomplished.

The examiner is asked to opine on the following:

a.) Whether it is at least as likely as not (50 percent probability or greater) that breast cancer was incurred in service or is related to any event, injury, or disease during service.

b.) Whether it is at least as likely as not, (50 percent probability or greater), that breast cancer was caused by service-connected fibrocystic breast disease.

c.) Whether it is at least as likely as not, (50 percent probability or greater), that breast cancer was aggravated beyond its normal progression by service-connected fibrocystic breast disease. 

Aggravation means an increase in disability any additional impairment of earning capacity of the nonservice-connected disability. 

If aggravation is found, the examiner must attempt to establish a baseline level of severity of the diagnosed disability prior to aggravation by the service-connected disability.

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

 

 

M. Donohue

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board D. Aston, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.