Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 210805-177534
DATE: September 29, 2021

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for tinnitus is remanded.

Entitlement to service connection for a sleep disorder as secondary to tinnitus is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the U.S. Navy from March 1966 to February 1971. His decorations include the Vietnam Service Medal and the Vietnam Campaign Medal. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2021 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). In August 2021, the Veteran timely appealed to the Board, requesting direct review of the evidence considered by the agency of original jurisdiction. 38 C.F.R. §§ 20.201, 20.202(b)(1).

1. Entitlement to service connection for bilateral hearing loss is remanded.

2. Entitlement to service connection for tinnitus is remanded.

The Veteran contends that his hearing loss and tinnitus are due to noise exposure during service. Specifically, in a May 2021 submission, he noted that he was a pilot and that he also worked on the flight deck, and that while hearing protection was state of the art for its day, it was far from adequate. In support of his claim, the Veteran also submitted a lay statement from his wife in May 2021. She stated that the Veteran's hearing had deteriorated to the point that he simply did not hear certain sounds, and that he had ringing in his ears which she stated was likely the result of working the flight deck of an aircraft carrier and being around jet engines during service.

In its July 2021 rating decision, the RO made two favorable findings as to both hearing loss and tinnitus. The first was that the evidence showed that a qualifying event, injury, or disease had its onset during service inasmuch as the Veteran was exposed to hazardous noise while in service based on his military occupational specialty (MOS) of pilot. The second was that a VA examination had shown current diagnoses of both bilateral hearing loss and tinnitus. The Board is bound by these favorable findings, and they are therefore not in dispute. 

Turning to the evidence of record with respect to nexus, the Board notes that the Veteran submitted a statement from his private provider, T.F., M.D. in May 2021. Dr. F. stated that the Veteran had severe tinnitus and hearing loss which were more than likely related to significant noise exposure to jets on the flight deck. He also noted that the Veteran's exposure was exacerbated by working with the deck crew to support their work, as well as by being billeted just under the flight deck. Dr. F. opined that based on a medical review of the Veteran's records and interview, his hearing loss and tinnitus were due to significant noise trauma. 

While clearly supportive of the Veteran's claim, the Board finds Dr. F.'s statement insufficient to fully support an award of service connection. Specifically, Dr. F. did not support his conclusion regarding the link between the Veteran's current diagnoses and his in-service noise exposure with a substantive rationale that cited to or considered any of the audiometric tests the Veteran's underwent before and during service. 

The Veteran was afforded a VA examination in connection with his claim in June 2021. The examiner offered negative nexus opinions as to both hearing loss and tinnitus. He reasoned that the claims file contained a normal enlistment audiogram from November 1965, and that although the Veteran was a pilot, which had a high probability of noise exposure, and he was exposed to flightline and jet engine noise, there was no evidence of a significant auditory threshold shift during the Veteran's time in service. The examiner noted that there was a normal separation audiogram from February 1971 which showed no shift compared to the enlistment audiogram, and that the Veteran had some history of recreational noise exposure after his time in service while hunting and shooting. Regarding tinnitus, the examiner added that tinnitus was most commonly associated with hearing loss, and that the Veteran's hearing loss was normal when he left service. He further noted that the Veteran could not be specific as to when his tinnitus began, or as to a specific cause, and that there were no prior complaints of tinnitus in his file. The examiner opined that it was less likely than not that the Veteran's hearing loss and tinnitus were due to military noise exposure. 

The Board notes that for service department examinations conducted prior to January 1, 1967, unless otherwise indicated, VA assumes that audiometric testing was conducted using American Standards Association (ASA) measurements and converts the results of such testing to current International Standards Organization-American National Standards Institute (ISO-ANSI) measurements by adding between 5 and 15 decibels to the recorded data as follows:

Hertz 250 500 1000 2000 3000 4000 6000 8000

add 15 15 10 10 10 5 10 10

Although the Veteran actually entered service in March 1966, the Board notes that the June 2021 VA examiner cited scores from an earlier, November 1965, pre-induction audiogram. When the Veteran was examined in November 1965, audiometric testing revealed the following results, in decibels (with the numbers in parentheses representing converted ISO-ANSI measurements): 

HERTZ

 500 1000 2000 3000 4000 6000

Right Ear 5 (20) 5 (15) 5 (15) 5 (15) 5 (10) 0 (10)

Left Ear 0 (15) 0 (10) 0 (10) 0 (10) 5 (10) 5 (15)

When the Veteran was re-examined at service entry in March 1966, audiometric testing revealed the following results, in decibels (with the numbers in parentheses representing converted ISO-ANSI measurements):

HERTZ

 500 1000 2000 3000 4000 6000

Right Ear -10 (5) -10 (0) -10 (0) -5 (5) -5 (0) -5 (5)

Left Ear -10 (5) -10 (0) -10 (0) -5 (5) -5 (0) 10 (20)

The Veteran was also examined during service in February 1969, when audiometric testing revealed the following results, in decibels (which were obtained using ISO-ANSI-measurements): 

HERTZ

 500 1000 2000 3000 4000 6000

Right Ear 15 5 10 10 15 20

Left Ear 15 15 10 20 20 25

At the time of his separation examination in February 1971, the Veteran denied having hearing loss or tinnitus. Audiometric testing revealed the following results, which were obtained using ISO-ANSI measurements: 

HERTZ

 500 1000 2000 3000 4000 6000

Right Ear 5 0 0 5 5 5

Left Ear 10 5 5 15 5 5

The June 2021 VA examiner does not appear to have converted the November 1965 and March 1966 audiograms from ASA measurements to ISO-ANSI measurements for purposes of comparison. It is also unclear why he used the November 1965 pre-service examination, as opposed to the March 1966 entrance examination, as the reference audiogram, and he did not expressly consider either the March 1966 or February 1969 audiograms. Finally, it does not appear that the examiner considered the May 2021 lay statement of the Veteran's wife or Dr. F.'s May 2021 opinion. In light of the examiner's failure to convert audiometric scores and to consider other relevant evidence, the Board finds that the June 2021 VA examination is not fully adequate, and that the RO made a pre-decisional duty to assist error when it failed to provide the Veteran with a fully adequate examination. Under the circumstances, a remand for an addendum opinion is required. 

3. Entitlement to service connection for a sleep disorder as secondary to tinnitus, is remanded.

The Veteran contends that he has a sleep disorder that is secondary to his tinnitus. In his May 2021 submission, he asserted that tinnitus had developed to the extent that it interfered with his getting back to sleep at night. The Board finds that the Veteran's claim for service connection for a sleep disorder is inextricably intertwined with his claim for service connection for tinnitus, which is being remanded. Harris v. Derwinski, 1 Vet. App. 180 (1991) (issues are inextricably intertwined when a decision on one issue would have a significant impact on another issue). As such, the Board will remand the sleep disorder claim as well. 

These matters are REMANDED for the following action:

Arrange to provide the record on appeal to the VA examiner who previously offered an opinion with respect to the etiology of the Veteran's hearing loss and tinnitus in July 2021. 

The examiner should review the record and provide an addendum opinion as to whether it is at least as likely as not (i.e., whether it is 50 percent or more probable) that the Veteran's hearing loss and/or tinnitus had their onset in, or are otherwise attributable to, service, to include as due to in-service exposure to noise.

In rendering the requested opinion, the examiner should consider that for service department examinations conducted prior to January 1, 1967, the Board ordinarily assumes that audiometric testing was conducted using ASA measurements and converts the results of such testing to current ISO-ANSI measurements by adding between 5 and 15 decibels to the recorded data.

Applying the conversion to the audiometric data in the reports of the Veteran's March 1966 entrance examination yields the results set out in parentheses above, at page 4. 

In formulating his opinion, the examiner should consider all of the relevant evidence, including the February 1969 in-service audiometric examination. The examiner should also consider and address the May 2021 lay statement from the Veteran's wife and Dr. F.'s May 2021 opinion. 

If the June 2021 examiner is no longer employed by VA or is otherwise unable to provide the opinion requested, arrange to obtain the requested information from another qualified examiner.

A complete medical rationale for all opinions expressed must be provided.

 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board R. Oldroyd, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.